## LATHAM v. SELKIRK.

In the trial of the right of property, levied on by execution, it is not necessary for the plaintiff to prove the judgment; but the defendant may prove by a certified copy, that the judgment is not valid and subsisting.

In the trial of the right of property, levied upon by execution, the plaintiff must prove the execution; but where the execution which was issued in 1850, purported to be a first pluries, and to be issued upon a judgment recovered in 1843, and the defendant moved for a new trial in the Court below, on the ground that the execution was illegally issued and was null and void, and on the ground that the judgment was not produced in evidence, this Court said, The claimant could have shown, in the defence, by certified copy of the judgment and by the execution, that there was no valid execution or judgment, to establish the plaintiff's character as a creditor, as it was in that character only he could be authorized to impeach the sale. If the claimant believed that the execution was void, upon its face, he ought to have made the objection, on the trial. It is too late to raise it now. It not being challenged, the presumption is, it was valid. (The issue, as framed by the parties, did not involve the validity of either the judgment or execution. REP.)

We have uniformly ruled, that where there was evidence tending to the proof of the conclusion at which the jury arrived, and not a very great weight of evidence clearly proving the contrary, we would not disturb the verdict. This is not the rule, however, for the Court below.

Newly discovered evidence, in order to entitle a party to a new trial, must not be cumulative, merely: and it must be shown satisfactorily why it was not discovered before the trial.

The party who has the affirmative of the issue to sustain, is entitled to open and conclude the argument; and see this case for an example of the form of an issue to try the right of property, where it was held that the plaintiff had the affirmative, although the defendant ought to have had it.

In the trial of the right of property, levied upon by execution, it is not necessary for the jury to find the value of the property, where its value is not expressly put in issue.

In the trial of the right of property, if the claimant fails to establish his right, it is competent for the Court, under Art. 2818, Hart. Dig., to assess the ten per cent. damages; and it seems that the damages mentioned in Art. 2814, to be assessed by the jury, are cumulative, and refer to cases of special damage.

Where the law (Hart. Dig. Art. 2818) required the Court, where the claimant, in a trial of the right of property, failed to establish his right, to give judgment against all the obligees in the claimant's bond, for ten per cent. damages, &c., it was held that the judgment for the ten per cent. damages was properly rendered by the Court, without the finding by the jury of either the damages, amount of the execution or value of the property; and was properly rendered against the sureties in the bond, although the bond was conditioned only for the return of

the property and the payment of such damages as might be assessed by the jury, that being the condition prescribed by law.

A judgment, in the trial of the right of property, that the property is subject to execution, and that it be restored to the Sheriff for further proceedings, and that the plaintiff recover of the defendant ten per cent. damages (stating the amount) on the amount of the plaintiff's claim, is not too vague and indefinite where the amount of the plaintiff's claim was not put in issue.

Appeal from Wharton. First pluries execution, issued October 19th, 1850, from Matagorda county to Wharton county, purporting to be founded on a judgment in favor of James H. Selkirk against Charles S. Betts, and George W. Spooner, recovered on the eleventh day of September, 1843; levied by the Sheriff of Wharton county, on a slave, fourteen churns and a horse, as the property of Charles S. Betts, and found in his possession. L. J. Latham, by his agent Charles S. Betts, claimed the slave and churns, and gave bond to try the right. The issue was made up as follows: " And now, at this day, " comes the plaintiff and enters his appearance in the cause, " and avers that the property levied on is liable to his execu- " tion." " And now comes the defendant, L. J. Latham, in " this suit, and denies that the property, levied on in this case, " is liable to the execution of this plaintiff, and says that at and " before the said levy was made, the right and title to the said " property was in him, the said Latham, and is still in him, " the said Latham." At the trial, the copy of the execution (the original having been returned to Matagorda county) and the indorsements thereon were given in evidence by the plaintiff. There was a bill of exceptions to the decision of the Judge, that Selkirk had the right to open and conclude the argument to the jury. Among other instructions to the jury, asked for by Latham's attorney, was the following: " That it " was necessary for the plaintiff to produce in evidence the " judgment by virtue of which the execution was issued, to " entitle him to recover in this suit." The verdict of the jury was, " We, the jury, find for the plaintiff." The judgment recited that whereas the defendant had failed to establish his

right to the property, and the said property had been assessed by the Sheriff, at a greater amount than the amount claimed under the writ of execution, &c. It was considered by the Court that the plaintiff recover of the defendant and his sureties the sum of, &c., being ten per cent. damages on the amount claimed; and the judgment further required the property to be restored to the Sheriff for further proceedings. There was a motion for a new trial, one ground of which was, " Because " the execution, upon the authority of which the pretended " levy was made upon the property in controversy, was ille- " gally issued, and the same is and was, at the time of said " pretended levy, null and void." Another ground was, " newly discovered evidence." But the newly discovered evidence was cumulative, only.

It was assigned for error,

1st. That the Court erred in charging the jury, that they could find for the plaintiff, under the levy which was made, by virtue of the execution of the plaintiff; for the indorsement on said execution, shows that it was only the 4th execution, and its face shows that it was issued under a judgment which was rendered on the eleventh day of September, A. D., 1845, which was near seven years before the issuance of said execution.

2nd. The Court erred in overruling the motion for a new trial, for the reason in said motion stated, and in the affidavits in support thereof.

3rd. The judgment should not have been rendered, because the evidence shows that the slave in controversy was purchased for L. J. Latham, was paid for out of his funds, and was not subject to the execution.

4th. The Court erred in refusing to permit the counsel for L. J. Latham to open and conclude the argument of said cause.

5th. The Court erred in refusing to instruct the jury, that it was necessary for the plaintiff to produce, in evidence, the judgment by virtue of which the execution was issued, to enable him to recover in this suit.

6th. The Court erred in rendering judgment on the verdict, because said verdict is defective and illegal in this, that it did not ascertain the value of the slave and churns respectively and separately.

7th. The ten per cent. damages, as in the judgment rendered, are excessive, and were not found as required by law.

8th. The judgment is indefinite, vague and uncertain.


*J. W. Harris*, for appellant. I. Appellant contends that the execution was void. 1st. Because the execution, on its face and indorsements, shows that it was founded on a dormant judgment. (Bennett & Wife v. Gamble, 1 Tex. R. 124; Scott & Rose v. Allen, Id. 508; Hall v. McCormick, 7 Id. 269; Fessenden v. Barret, 9 Id. 477.)

2nd. Because if there were any such judgment, the evidence shows that it was paid, and the law presumes it paid. There was no *scire facias*, no regular continuance of executions; and see 2nd Bacon's Abridgment, 729–30.

A nullity, apparent on the record, may be objected to at any time, and by any person. (McCoy's heirs v. Crawford, 9 Tex. R. 353.)

II. Appellant insists that the judgment upon which the execution was based, if any there were, should have been in evidence; and as it was not, the want of it was error, and the Court erred in refusing so to charge the jury. (Comyn's Digest, 4 Vol. Ev. p. 101; Bacon's Abridgment, 2 Vol. 740; Smith v. Moreman, 1 and 3 Monr. R.; Gaskill v. Morris, 7 Watts & Serg. 32; Glenn v. Garrison, 2 Har. 1; Thompson v. Chauveau, 9 Mart. R. 242; Pierson v. Tom, 10 Tex. R. 145: Bryant v. Kelton & Uzzell, 1 Tex. R.; Bibb, 417.) He who sues in the character of creditor, in a suit like this, should show the third party's indebtedness, by competent proof.

III. The judgment and verdict are erroneous, because neither ascertains the value of the property respectively, or the value at all, or the damages. (Blakely v. Duncan, 4 Tex. R. 184; Rowlett v. Fulton, 5 Id. 458; Cheatham v. Riddle, 8 Id. 162.)

IV. The ten per cent. damages were not found as required by law, and are excessive.

The jury should have found the amount due, so that the Court could have assessed the ten per cent. damages. Again, Art. 2814, and the bond given, require the damages to be assessed by the jury. It is true Art. 2818, seems to require that the Court shall award damages. There was a jury; they should have given the damages if any should have been allowed. The bond was conditioned only to pay such damages as the jury awarded. It was certaintly contrary to the fair intent of our Constitution and to Art. 2814, that the Judge should supply the place of a jury and award damages, and also contrary to the Act regulating the proceedings in the District Court.

V. The Court erred in not permitting the claimant's counsel to open and conclude the argument. In cases like this, where by the act of the Sheriff, the claimant was compelled to take the affirmative of the issue, he should certainly have had the first and last explanation of his evidence and law, to the jury.

VI. But the judgment is indefinite, vague and uncertain, because it does not find any definite amount. Suppose the property should not be returned. How much will the execution issue for? The Clerk cannot assess the amount of damages. The only authority he would have to assess damages would have to be given by statute. Art. 812 does not give it but on the contrary requires a jury to find the amount. Art. 2820 does not give him any right to fix the amount of the judgment. Suppose there should be three hundred and seventy-five dollars due, the bond is for $1650, double the amount of the Sheriff's valuation of the property. Art. 2820 seems to require him to issue for the amount of the value of the property. Would that be right? There should have been some definite amount found by a jury, so that the Clerk would have known for how much to issue execution, and the Judge how much ten per cent. damages to assess, if he had such right.

*G. Quinan*, for appellee.   I. The claimant of property, levied on, cannot, in the trial of the right, object to the validity of the execution.   (Huff v. Cox, 2 Ala. R. 310; 1 Id. 582; Perkins v. Mayfield, 5 Port. R. 182; Harrison v. Singleton, 2 Scam. R. 21.)

II. The plaintiff in execution need not produce his judgment.   (Bettis v. Taylor, 8 Port. R. 564; Hardy v. Gascoigne, 6 Id. 447; and the authorities above.)

III. The damages were correctly adjudged.   They are fixed by law, and did not require the finding of a jury.   (Hart. Dig. Art. 2818.)

IV. The value of the property is fixed by the bond given by the claimant.   Upon the determination of the suit against him, it is upon that bond execution issues for the restoration of the property, not upon the judgment in the case, and there could be no use, therefore, in a finding by the jury of the value of the property.   It was not in issue.

V. The plaintiff in execution had the affirmative of the issue, as made up; and under the 3rd rule of practice, his counsel were entitled to the opening and conclusion of the argument.   But this assignment is frivolous.

VI. There is no error in the charges of the Judge of which the claimant can complain.   Every charge asked by him was given, except the charge in regard to the production of the judgment, which we have before shown was rightly refused.

VII. The new trial was properly refused.   The proper diligence was not shown.   The new testimony would have been merely cumulative if admissible, but would not have been admissible, as it proved simply the acts and declarations of Betts.   And Betts was examined on the stand.   (6 Tex. R. 42, and the cases before cited.)

LIPSCOMB, J.   The first error, assigned by the appellant, is, That the Court erred in charging the jury, that they could find for the plaintiff, under the levy which was made by virtue of the execution of the plaintiff; for the indorsement on said ex-

ecution, shows that it was only the fourth execution, and its face shows that it was issued under a judgment which was rendered on the 11th day of September, A. D., 1843, which was near seven years before the issuance of said execution.

This assignment is not supported by the record. The Judge neither gave nor was requested to give, the charge contained, and set out, in the assignment. The record discloses no objection made or raised, on the trial, to the execution. Hence we cannot look at any of the defects supposed to be shown on its face.

The bill of exceptions shows that the counsel for Latham asked the Court to charge the jury, that it was necessary for the plaintiff to produce in evidence the judgment, by virtue of which the execution was issued, to entitle him to recover in this case; which charge the Judge refused to give. The refusal to give this charge is presented by the fifth assignment of errors. It is not believed that it was available, as in trials of the right of property. It is not usual to produce the judgment; and all the plaintiff in execution can be required to prove, or produce on the trial of the issue, made upon the claim interposed, is the execution. The levy need not be proven; because that is admitted by the claim of property, filed by the defendant. See Ala. R. 582; 2 Id. 310; 5 Port. R. 182; 6 Id. 447; 8 Id. 564. These authorities carry the doctrine further than we are disposed to go; in this, that they dispense with the necessity of producing the execution, and will not allow objections to be made to its validity. In carrying their doctrine so far, we cannot concur, but believe that the execution may be objected to, and even the judgment, for the reasons we have given, that it is only in the character of creditor, that the bill of sale can be impeached for fraud.

The claimant could have shown, in the defence, by certified copy of the judgment and by the execution, that there was no valid execution or judgment, to establish the plaintiff's character as a creditor of Betts, as it was in that character only that he could be authorized to impeach the sale from Betts

to Latham the claimant. See Bryant v. Kelton & Uzzell, 1 Tex. R. 433.

If the claimant believed that the execution was void, upon its face, he ought to have made the objection, on the trial. It is too late to raise it now. It not being challenged, the presumption is that it was valid, and that it was sued out upon the judgment of a Court of competent jurisdiction.

The second assignment is, that the Court erred in refusing to grant a new trial. We will only notice two grounds, upon which the motion was rested in the Court below, for a new trial. The first is, that the verdict was contrary to the evidence. This is a reason that is often assigned; and we have uniformly ruled, that where there was evidence tending to the proof of the conclusion to which the jury arrived, and not a very great weight of evidence clearly proving the contrary, we would not disturb the verdict. We have done so because it is the appropriate duty of the jury, to weigh the evidence; and again, that the Judge who presides on the trial, from seeing and hearing the witnesses, with the attendant circumstances at the time of the trial, is in possession of superior opportunities, to say whether the verdict was contrary to evidence, than the revising Court possibly can possess, deduced from the record.

The second ground in support of the motion, was newly discovered evidence. In support of this assignment, there are two affidavits, swearing to declarations or statements made by Betts, the defendant in the execution. Now, if such testimony could have been received at all, it would only have been cumulative, as Betts was sworn and testified in behalf of the claimant, without having his testimony impeached, by calling any witnesses for that purpose. Such testimony we have never regarded as affording sufficient grounds for a new trial. And further, it is not shown satisfactorily, why such testimony could not have been procured at the trial. The claimant was aware that the burthen of proof to sustain the claim, rested upon him, as the property levied on was in the possession of the defendant in the execution.

40

The third assignment considered under the previous one.

The fourth assignment is the refusal of the Court to permit the counsel for the claimant, to open and conclude the argument before the jury. From the form of the issue made up, the plaintiff had the affirmative; and there was no error in giving him the opening and conclusion. The issue might have been differently framed. It could have been so framed as to give the affirmative to the claimant of the property, and it would seem that where the property, levied upon by the execution, was, at the time of the levy, in the possession of the defendant in the execution, the issue, for the trial of the claim, should be so formed.

The fifth assignment has been considered in connection with the first.

We can perceive nothing available in the ground presented by the sixth assignment. The verdict is sufficiently certain, to dispose of the issue, and it was not necessary for the jury to assess the value of the property; in a trial instituted on the delivery bond, it might have been material to find the value of the property.

The seventh assignment is that the ten per cent. given is excessive, and not found as required by law. In a trial of the right of property, the Court is authorized, where the verdict is against the claim, to give ten per cent. damages. (See Hart. Dig. Art. 2818.) There is another provision of our statute, authorizing the jury in their verdict, to assess damages.— (Hart. Dig. Art. 2814.) We believe the two provisions are not repugnant, and both can be sustained. If there has been any special damage, the jury could assess such special damage, independent of the first provision. In this case, none were assessed by the jury; but that fact interposed no legal objection to the power and right of the Court giving and awarding ten per cent., as was done.

The eighth assignment presents nothing for our consideration. The judgment is affirmed.

Judgment affirmed.