## W. D. WEBB v. MELISSA A. MALLARD.

The question whether an execution is voidable or void, when the defendant dies after the rendition of the judgment, but before the issuance of the execution, discussed and authorities cited.

The correctness of the ruling in Conkrite v. Hart & Co., 10 Tex., 140, questioned,—where it was held that a sale under an execution issued in the lifetime of the debtor, but levied after his death, was a nullity.

If it be admitted that the validity of an execution so issued can be questioned in a trial of the right of property, it is error to confine the inquiry of the jury to the issue of the validity of the execution, by virtue of which the property was levied upon. In such a case, the issue of the right of property should also be submitted.

If the husband and wife have been sued on a note, and for the foreclosure of a mortgage of certain property executed by them to secure the note sued on, and judgment on note and decree of foreclosure be rendered against the husband alone, the wife is concluded by such proceedings, and she cannot set up a claim to the same property levied on by virtue of an order of sale, issued in pursuance of the decree of foreclosure.

ERROR from Henderson. Tried below before the Hon. R. A. Reeves.

William D. Webb, the appellant, instituted a suit in the District Court of Henderson county, against A. F. Mallard and Melissa A. Mallard, his wife, to recover the amount due on a promissory note jointly executed by them, and for the foreclosure of a mortgage on a negro woman named Ellen, jointly given to secure the payment of the note sued on. On the 13th day of May, 1859, he obtained a judgment on the note and a decree of foreclosure against A. F. Mallard. On the 6th day of September, 1859, an order of sale of the same negro was issued to the sheriff of Henderson county, under which she was levied on. On the 23d day of September, 1859, Melissa A. Mallard made oath that the said negro was her separate property, and executed bond for the trial of the right of property. Issues were made up under the directions of the court—Webb alleging that the negro was subject to be sold under said order; Mrs. Mallard denying that allegation, and averring that the order of sale was issued long

after the death of A. F. Mallard, one of the defendants in exe-
cution; that his estate had been administered upon; that the ad-
ministration was still open; that plaintiff in execution had never
presented said judgment, nor any claim to the administrator of
A. F. Mallard.

On the trial, the claimant introduced evidence tending to show
that the negro Ellen was her separate property, and proved that
A. F. Mallard died on the 18th day of May, 1859. The plain-
tiff read in evidence the proceedings had in the District Court of
Henderson county, in which he recovered the judgment against A.
F. Mallard, and the decree of foreclosure on the negro Ellen.

The court charged the jury: "If you believe, from the evi-
dence, that A. F. Mallard died after the judgment was rendered
against him, and before the order of sale was issued by the clerk,
it could not be enforced by a sale of the negro in this proceeding,
and you should find for the claimant Mrs. Mallard; and if this
be your verdict, it would not be necessary to inquire into the
other points of the case."

Verdict and judgment for plaintiff, and Webb sued out his writ
of error.

*Thomas B. Greenwood*, for plaintiff in error.—The plaintiff
in error had a clear right to sell the negro in controversy under
the order of sale. It is submitted that the case of Givens v. Da-
venport, 8 Tex., 441, is decisive of the case.

*Donley & Anderson*, for defendant in error.—The first ques-
tion that we present is, can this action be maintained if the order
of sale was issued and levied after the death of A. F. Mallard?
If issued after his death, we contend that it is a nullity; that the
levy was wholly unauthorized; that the proceeding was void, and
cannot form the basis or ground for an action or trial of the right
of property. (Hartley's Dig., art. 2814; Martin v. Common-
wealth, 1 Mass., 347; Lawrence v. Smith, 5 Mass., 362; Green
v. Mangum, 3 Murphy, 59; Capron v. Van Norden, 2 Cranch,
126; Ketland v. Cassius, 2 Dallas, 368.) In cases of the trial
of the right of property under article 2053, (O. & W. Dig.,) there

6*

must be a levy by virtue of a valid and legal writ of execution, sequestration, or attachment. We submit that in this case, the defendant having died before the writ was issued, that it was void, and the levy under it cannot form the ground or basis to support this action. A sale made under an execution issued in the lifetime of the debtor, but not levied until after his death, is void. (Conkrite v. Hart & Co., 10 Tex. R., 140; see Kitchen v. Crawford, 13 Tex. R., 516.) The order of sale was issued after the death of A. F. Mallard. The order was a nullity, and the action had under it cannot form the basis for this action. The next question that presents itself, "Is Mrs. Mallard concluded by the judgments?" We think that she is not. In all the cases referred to, there were judgments upon the verdict adjudicating and settling the right or question involved in the suit. In this case there is, in fact, neither verdict nor judgment. There is no verdict as far as Mrs. Mallard is concerned, but if the verdict could be held as including and binding Mrs. Mallard, yet the verdict was not followed by the judgment of the court divesting her right to the negro, and we think that this must be done before she can be concluded or affected by the court. It was held by this court in the case of Fowler & Clepper v. Stoneum, 6 Tex. R., 61, that " the better opinion would seem to be that, without judgment, the verdict is not evidence of the facts found by it." (See Blanchet v. Davis, 10 Tex. R., 158.) In 2 Bibb R., 57, it was held that a verdict without judgment is not evidence. We submit that the right of Mrs. Mallard was not determined nor passed upon in the case of W. D. Webb v. A. F. Mallard and Melissa A. Mallard, so as to preclude her from asserting her right to the property. (Tadlock v. Eccles, 20 Tex. R., 782; Baxter v. Dear, 24 Tex. R., 17; Lee v. Kingsbury, 13 Tex. R, 69.)

Moore, J.—The jury were instructed by the court that if A. F. Mallard, the defendant in execution, died after the judgment was rendered against him, and before the order of sale was issued by the clerk, it could not be enforced by a sale of the negro in this proceeding, and if such was the fact, that they should find for the claimant, and that it would be unnecessary

Webb v. Mallard.

for them to inquire into the other points in the case. The decisions of the different American courts as to the effect of the death of the defendant in execution, previous to its being issued, seem to be quite conflicting. In Missouri, Massachusetts and Pennsylvania, it has, in repeated decisions in which the question was directly before the court, been held that an execution issued after the death of the defendant was irregular and voidable, but not, in the proper sense of the word, void. (See Hamilton v. Lyman, 9 Mass., 15; Bowdoin v. Jordan, 9 Id., 160; Darlington v. Speakman, 9 Watts & Serg., 182; Day v. Sharp, 4 Whart., 339, and especially the elaborate and well-considered case of Speer v. Sample, 4 Watts, 367; Mundy v. Bryan, 18 Missouri, 29.)

In many of the other States, however, it is said that such process is void; and to this extent have some of the decisions of our own State gone. (See Conkrite v. Hart & Co., 10 Tex., 140; Robertson v. Paul, 16 Tex., 472; Boggess & Peck v. Lilly, 18 Tex., 200; Chandler v. Burditt, 20 Tex., 42; and McMillen v. Butler, Id., 402.) All of these cases, however, except that of Conkrite v. Hart & Co., can be well maintained without holding that the execution, if issued after the defendant's death, is an absolute nullity. It is to be considered, also, that these cases hold, contrary to common law, and the almost entire current of the decisions of the American courts, that the death of the defendant, whether before or after the date of the execution, or levy under it, has the same effect. That these decisions, except in the case of Conkrite v. Hart & Co., have furnished a correct application of the principles growing out of our statutes regulating the settlement of estates of deceased persons, I do not question; though I trust I may be pardoned if I express a doubt as to the correctness of the ruling in the last named case. It may, also, be remarked in this connection, that this court has, in subsequent cases, held that a judgment is not void by reason of the death of a party to it before its rendition, when the fact does not appear by the record. (Mills v. Alexander, 21 Tex., 154; Thouvenin v. Rodrigues, 24 Tex., 468.) Whether there is a distinction in this

respect between the judgment and process issued upon it, I will not, at present, stop to inquire.

And although the process under which the levy is made may not be an absolute nullity, there seems, also, to be some difference of opinion with the courts as to the right of the claimant of the property in a proceeding of the present character, to question its regularity. In Alabama, it appears that in such cases the courts " dispense with the necessity of producing the execution, and will not allow objections to be made to its validity." (See Latham v. Selkirk, 11 Tex., 320, and the cases from that State there referred to.) But with us, it is said that the rule is otherwise. Whether, however, this is not so only to the qualified extent of permitting the claimant to contest the validity of the execution so far merely as it may be necessary for the protection of his own interest in the property, we think may be well questioned. It would present, it appears to me, quite an anomaly, if a party not in possession, and seemingly having no interest in the property, should be permitted by the interposition of a claim for the trial of the right to it, to recover a judgment merely by proof of defects or irregularities in the execution. It would appear, however, under the authority of the case of Latham v. Selkirk, that a party in possession of the property should be permitted to show that the execution under which the levy was made, did not authorize a disturbance of his possession; or, at least, as in such a case the burthen of proof is upon the plaintiff in execution, the claimant might, for the protection of his possession, show that the execution, though valid upon its face, did not, in fact, warrant the levy and consequent interruption of his possession. But although this may be correct, and the defendant in error was therefore authorized to question the validity of the execution under which the plaintiff was proceeding, we cannot agree, as has been held by the District Court, that a judgment upon such an issue concludes the parties as to the right of property. Although the jury returned a general verdict for the claimant, it can hardly be questioned that they must have confined their investigation to the single point, to which their attention was invited by the charge of

the court. Under these circumstances, we think the judgment rendered by the court erroneous.

The court, also, we think, erred in confining the jury to the single issue, as it did by the charge. It should have submitted to them the question of the right of property, as well as that of the validity of the execution. And as a different judgment might be necessary upon the finding upon them, the issue as to the validity of the execution should have been presented as a separate or preliminary question. And upon a verdict in the claimant's favor upon it, a judgment should have been rendered declaring the execution insufficient to warrant the levy, and cancelling the same as to the claimant; but the right or title to the property should have been left open, so that the plaintiff might have taken such steps in the probate court as he deemed necessary to have enforced his judgment, or the lien he claims by virtue of it upon the negro here in controversy.

As the case must be reversed, and the issue of right of property may, on another trial, be submitted to the jury, it may be proper, as the effect of the judgment in the former case of Webb v. Mallard and wife, upon the right of Mrs. Mallard to claim the negro levied upon as her separate property, has been fully argued by counsel, that we should say, that in our opinion she must be held to be concluded by the judgment of the court in that case. The liability of this negro to the lien which was asserted against her by the plaintiff, was directly in issue in the case. Mrs. Mallard was a party to that suit; and if the negro was not subject to sale under the mortgage, as claimed by the plaintiff, because she was her separate property, and not properly charged with the lien which plaintiff was seeking to enforce against her, Mrs. Mallard should have presented the matter to the court in such a manner that her rights might have been secured to her. Having failed to do so, she is concluded by the judgment. (Lee and wife v. Kingsbury, 13 Tex., 71; Tadlock v. Eccles, 20 Tex., 782; Baxter v. Dear, adm'r, 24 Tex., 17.)

It is said as a reason why the judgment in that case should not conclude Mrs. Mallard, that the verdict was against her husband, and that there was no judgment against her claim or right to the

property.   But this was unnecessary to conclude her from contesting the plaintiff's lien upon the property.   The suit was a proceeding *in rem* to enforce the lien claimed by the plaintiff upon the negro, as well as *in personam* to recover a judgment for his debt.   The verdict of the jury found the negro subject to the plaintiff's mortgage, and the judgment of the court so declared her, and directed that she should be sold for its satisfaction.   It is immaterial whether the negro was by the verdict and judgment condemned to be sold as her property, or that of her husband. The judgment considered, in either aspect, affected her claim, and if it was erroneous, she should have had it corrected.   It is, also, immaterial that there was no judgment against her *in personam*, as it is only claimed that it binds her as an adjudication upon the title.

The judgment is reversed and the cause remanded.

Reversed and remanded.