John Vance v. John Saathoff.

(No. 2864.)

Verdict of Jury.— The credibility of conflicting witnesses is a matter peculiarly within the province of the jury.

Evidence — Practice.— Where the refusal of the court to admit in evidence an assessment roll is assigned as error, the bill of exceptions should state what, in fact, was contained in the assessment roll which was offered.

Exceptions.— An exception is too vague and uncertain that does not show the evidence offered with sufficient certainty to enable this court to perceive that the testimony, if it had been allowed, was material.

Appeal from Medina county. Opinion by Walker, J.

Statement.— This suit was brought for rescission and cancellation of a sale made by Saathoff to Vance, of two stocks of cattle as they run in the range, which were designated by brands "J S" and "U L," and not by specified enumeration, nor at a certain rate per head. The contract of sale was for the sale of the above-named brands or stocks of cattle, for sums of money agreed on, in gross, for each of the respective brands. The plaintiff claimed a rescission of the sale on the ground of false and fraudulent representations made by the defendant as to the number of the cattle in each of said brands, alleging that the misrepresentations in that respect were grossly false, and that the plaintiff relied upon the truth of them, and was induced thereby to make the purchase of said cattle.

The facts alleged by the plaintiff showed a deficiency in numbers of the cattle so great, although the cattle were not sold per head, nor under a contract which implied that the stocks should contain any particular and exact number, as to constitute, evidently, if true, a substantial and material consideration in the proper construction of the contract. The issues between the parties were formed, and the case was submitted and determined in the court below, upon the theory that the facts stated in the plaintiff's petition con-

stituted a good cause of action, which entitled him, if sus-
tained by sufficient evidence, to the relief asked for. These
allegations were denied by the defendant, and the cause was
submitted to the jury under a charge from the court which
submitted, in effect, as the controlling issue whereon to de-
termine the cause, the truth or falsity of the allegations
made in the petition; the substantial, main, leading issue
being on the merits of the plaintiff's case of imputed fraud
and misrepresentation, as has been stated.

The evidence was as opposite and conflicting as to the
number of the cattle belonging to those brands or stocks as
can well be imagined.. The testimony, so far as may be
judged from the record, was given on both sides by wit-
nesses of good opportunities for knowledge of the facts
detailed by them. Some of the witnesses in behalf of the
defendant, from their previous relation to the cattle, it may
be supposed, had better means of accurate information on
the subject than any of the plaintiff's witnesses. The de-
fendant testified in respect to the terms of the contract and
the circumstances which attended the making of it, and he
denied, in his testimony, that he had made to the plaintiff
the representations imputed to him as to the number of the
cattle. The plaintiff's testimony directly supported the
allegations of the petition that the defendant represented
that there were from six hundred to seven hundred head
of cattle in the " J S " brand, and from seven hundred to
eight hundred in the " U L " brand. A witness for plaint-
iff, Merritt, testified that he was present and heard the con-
versation about the trade, and he stated the facts identically
as they were detailed by the plaintiff, in nearly every im-
portant particular. The defendant's testimony denied the
correctness of nearly or quite all of the statements just re-
ferred to, expressly negativing the idea that any represen-
tation was made by him, or fact stated, from which it would
be fairly implied that he meant to lead the plaintiff to be-
lieve that the stocks of cattle contained any particular
number. There was evidence by the defendant's two sons,

who professed to have an intimate knowledge of both stocks. One of them, Foke Saathoff, testified that he attended to the " J S " stock until the sale to the plaintiff. He estimated them at five hundred or six hundred head, and the " U. L." stock at six hundred or seven hundred head. Folke Saathoff, the other son, stated he had known the " J S " stock since he was a boy; has known the " U L " stock for seven or eight years; that in 1872 the former numbered five hundred or six hundred, the latter six hundred or seven hundred. One August Mummer testified that he estimated the " J S " stock at near six hundred in the year 1872, and the " U L " at a still larger number. It was proved that cattle (stock cattle) were worth $4 or $5 per head in 1872.

Verdict and judgment was rendered for the defendant, from which the plaintiff has appealed and assigns several grounds of error, among which is, in effect, that the verdict of the jury is contrary to the law and evidence. The brief before us for the appellant urges, with zeal and ability, that the evidence in this case does not warrant the verdict, and insists upon a reversal upon the facts. If anything can be said to be absolutely settled in law it is that it is beyond the province of the court to interfere with the fair exercise by the jury of its right and duty to judge and determine the credit which they see proper to attach to the statements of all the witnesses, to weigh all the evidence before them, and to find their verdict in accordance with their conclusions upon it. This is emphatically a case which involves the application of these indisputable principles. The rules which separate the respective provinces of court and jury in respect to the finding of the jury upon the facts are too well known, too thoroughly recognized by all lawyers and all courts, to render a reference to cases or authorities appropriate even. Their statement and acceptance go together. The jury were fully authorized to give credit to the witnesses of the defendant, and the right to do so is not qualified by the considerations urged against their conclusions, on account of the witnesses' relationship

to the defendant, nor their supposed personal feeling in his behalf, nor the mere conflict of their statements with those of other witnesses possessing no better means of information as to the facts than they had. Nor is it sufficient to authorize an interference with the peculiar province of the jury, that the judge before whom the cause was tried would even have found differently upon the evidence. The credibility of conflicting witnesses is a matter peculiarly within the province of the jury, and their verdict will not be disturbed merely because the weight of evidence may seem to preponderate against the verdict. Mitchell v. Matson, 7 Tex., 4. See 19 Tex., 101; Mason v. Russell, 8 Tex., 228; 23 Tex., 641; 11 Tex., 321; 24 Tex., 288; 5 Tex., 496; 2 Tex., 428; id., 323; id., 499.

These rules have application to the district court, but where that court has exercised its discretion over the subject, and refused to grant a new trial, the supreme court will not revise its action unless where it appears that that discretion has not been warrantably exercised. In order to justify this court in setting aside a verdict, where a new trial has been refused, it is not sufficient that it does not appear to be right; it must appear to be clearly wrong. Stroud v. Springfield, 28 Tex., 676; Tuttle v. Turner, id., 775, and cases cited. Also, Owens v. The State, 35 Tex., 362.

The supreme court has held that where there was evidence tending to the proof of the conclusion at which the jury arrived, and not a very great weight of evidence clearly proving the contrary, the verdict will not be disturbed. Latham v. Selkirk, 11 Tex., 321. This, however, is not the rule for the district court. Id.

On the trial the plaintiff offered to show by the tax-rolls of Medina county for the year 1871 the defendant's assessment of stock then rendered by him for taxation, which was objected to and excluded because irrelevant and not showing the true number of cattle owned by defendant. This ruling is assigned as error. The bill of exceptions does not state what was contained in the assessment which was

offered.   An exception is too vague and uncertain that does not show the evidence offered with sufficient certainty to enable this court to perceive that the testimony, if it had been allowed, was material.. See Styles *v.* Gray, 10 Tex., 503.

The main charge given by the court is not complained of. It could not be objected to by the plaintiff, as it presented the law as favorably for his cause of action as the plaintiff's own legal propositions for a recovery required or allowed.

The evidence is conflicting, and we conclude, upon the whole case, justice has been attained in this case, so far as forms of legal proceedings are concerned.

JUDGMENT AFFIRMED.