JOSEPH H. BROWN ET AL. v. C. F. & S. Y. COLLINS.

No. 6456.

1. **Distress Proceedings.**—In distraining for rent, though the distress proceedings may be invalid, yet the plaintiff showing a cause of action is entitled to foreclosure of the landlord's lien.

2. **Distress Warrant—Trial of the Right of Property.**—A judgment on appeal quashing proceedings on a distress warrant destroys the lien fixed by the levy, and the seizure of property thereunder becomes inoperative. The writ in such case having failed, one who has claimed the property is not bound by his bond as claimant, and there could be no trial of the right of property under the statute.

APPEAL from Wichita. Tried before Hon. P. M. Stine.

The appellant Brown had in a former suit attached the property, which being sold under his judgment he became the purchaser. Before its removal from the premises C. F. & S. Y. Collins sought in the proceeding

to subject the same property under distress warrant to payment of rent. Brown appeared as a claimant and gave bond. The judgment here appealed from was for the value of the property as estimated by the officer, which might be satisfied by the delivery of the same by appellant in ten days.

*Wray & Stanley,* for appellants.—1. The judgment of appellees against Linn & Co. to establish a valid indebtedness from Linn & Co. to appellees was not even prima facie evidence thereof as against appellant Brown. Miller v. White, 50 N. Y., 137; McMahon v. Marcy, 51 N. Y., 162.

2. The quashing of the distress warrant operated to release the property from the custody of the law, and appellant Brown was entitled to its immediate and absolute possession.

3. A lien holder on property not in his possession, and to which he has not the right of possession, can not try the right of property with the person in possession and in whom is the right of possession.

4. A party having the legal title to personal property and in possession thereof, upon which another claims a lien which he is seeking to enforce thereon, can not be divested of the possession thereof by the party seeking the foreclosure without being made a party to the foreclosure proceedings. Dallian v. Hallacher, 2 Ct. App. C. C., sec. 528; Templeman v. Gresham, 61 Texas, 53.

5. Had the property upon which the distress warrant was levied been sold under the foreclosure proceedings without making Brown, the holder of the equity of redemption, a party, the purchaser would have acquired no title. Miner v. Beekman, 50 N. Y., 337, 344; Douglass v. Bishop, 27 Ia., 214; Moore v. Cord, 14 Wis., 213.

6. Had such a sale occurred without the holder of the equity of redemption being a party to the foreclosure proceedings it would have been wholly void. Skinner v. Buck, 29 Cal., 253; Fowler v. Hargrave, 16 Cal., 509.

*W. W. Flood* and *R. E. Huff,* for appellees. —1. A landlord has a first lien on all property of a tenant for all rent due and to become due on all property situated in the rented premises, and said lien continues after attachment under legal process; and the lien is not lost by a sale under attachment, and is superior to an attachment lien, and may be foreclosed even without distress warrant. Rev. Stats., arts. 3122a, 3122b; Meyer, Weis & Co. v. Oliver & Griggs, 61 Texas, 584; Sullivan & Co. v. Cleveland, 62 Texas, 677; Rosenberg v. Shaper, 51 Texas, 134; Bourcier v. Edmondson, 58 Texas, 675; Marsalis v. Pitman, 68 Texas, 624; Livingstone v. Wright, Id., 706.

2. In proceedings by a claimant of goods seized under distress warrant under which a landlord had recovered judgment against his tenant

for the rent unpaid, the amount of the debt for which the goods were seized under the warrant can not, in the absence of fraud or collusion, be inquired into, the only question being whether or not the property was subject to lawful seizure under the warrant. Livingstone v. Wright, 68 Texas, 706.

3. Where purchase is made of goods on which there is rent lien, the purchaser takes said goods subject thereto in case of seizure under distress warrant for the unpaid rent. Meyer, Weis & Co. v. Oliver & Griggs, 61 Texas, 574; Marsalis v. Pitman, 68 Texas, 624; Livingstone v. Wright, 68 Texas, 706; Block, Oppenheimer & Co. v. Latham, 63 Texas, 414.

4. In proceedings for trial of right of property the party seeking to subject it to his demand is entitled, in case claimant fails to establish his right thereto and fails to return the property in ten days, to judgment against said claimant and his sureties for the value of the property with legal interest thereon from the date of the bond, and ten per cent of the amount of the writ as damages where value exceeds amount claimed in the writ. Rev. Stats., arts. 4840–4844; Livingstone v. Wright, 68 Texas, 706.

COLLARD, JUDGE.—The judgment of the Court of Appeals in the suit of C. F. & S. Y. Collins v. Linn & Co. was final and needed only such orders by the County Court as were necessary to give it effect. What, then, was the judgment of the Court of Appeals? The County Court had, on motion of Linn & Co., quashed the distress warrant and released the property levied on, but gave judgment for the plaintiffs' rental debt.

The Court of Appeals stated the case and decided it as follows: "This suit was commenced by distress for rent due, the property distrained being on the rented premises when the warrant was returned to the County Court, and the plaintiff filed a petition declaring on an account for rent and asking for a foreclosure of his lien. The court quashed the distress warrant, presumably for the reason that the warrant and the citation did not issue at the same time, and rendered judgment for plaintiffs for their debt, but released the goods taken in distress.

"This was error. This court has repeatedly held that though the distress proceedings may be invalid, the plaintiff under the statute is entitled to have a foreclosure of his landlord's lien. In so far as the judgment below ordered a release of the property levied on, it is reversed, and judgment will be here rendered that the lien be foreclosed, and in all other respects the judgment is affirmed."

Upon receiving the mandate, in which was copied the order of the Court of Appeals and which followed the opinion, the County Court rendered judgment for the amount of the rent debt ($301), foreclosed the lien by virtue of the levy of the warrant as it was at the time of the levy, and granted order of sale.

It is evident that the order of the County Court quashing the distress pro-

ceedings was affirmed by the Court of Appeals, the effect of which was to place the property in the same position it was before the levy was made. There could be no lien by virtue of a levy of a quashed writ, and the seizure thereunder became inoperative. The effect of the quashal was the same as if there had never been a levy or writ. Latham v. Selkirk, 11 Texas, 314. The lien foreclosed was the landlord's statutory lien upon the goods found on the rented premises. The writ having failed, the claimant was not bound by his bond, and there could be no trial of the right of prop-property under the statute. Plaintiff merely has a judgment for the amount of his debt and a foreclosure of a rental lien on the goods that had been levied on while on the rented premises.

This was the result of the judgment as rendered by the Court of Appeals and as affirmed by that court. Rev. Stats., arts. 4822, 4832 *et seq.*, in title 92; Latham v. Selkirk, *supra*.

We conclude the judgment of the court below should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted April 29, 1890.