## STEPHENS v. COX. (No. 6601.)*

(Court of Civil Appeals of Texas. Austin. June 20, 1923. Rehearing Denied Oct. 31, 1923.)

**1. Exemptions ⊜⊃109—Property exempt from execution is not attachable.**

Property exempt from execution is not subject to attachment.

**2. Appeal and error ⊜⊃1074(2)—Where landlord sold under judgment valid as to his lien, but invalid as to his attachment, the latter error was harmless.**

Where the court, in landlord's suit, erroneously allowed foreclosure of attachment lien on exempt property, but properly ordered it sold to satisfy the landlord's lien, both foreclosures being at the same time, by the same officer, under the same judgment, the error was immaterial.

**3. Homestead ⊜⊃83—Tenant has homestead rights in rented land.**

A tenant, residing with his family on rented land, has a homestead right therein as against creditors.

**4. Homestead ⊜⊃74—Ungathered crops on land rented as homestead exempt from attachment.**

Ungathered crops growing on land rented as a homestead are exempt from attachment.

**5. Set-off and counterclaim ⊜⊃33(1)—Levy of attachment against exempt property constitutes conversion, with set-off of debt barred.**

Where one wrongfully levies an attachment on exempt property, converting it to his own use, he is liable to the owner for the value thereof, and cannot offset his debt against it.

**6. Landlord and tenant ⊜⊃254(2)—Attachment of property covered by landlord's lien held not to waive lien, where no injury to tenant.**

A landlord, by levying an attachment on property covered by his landlord's lien, did not thereby effectively waive his lien; the appellant having suffered no injury.

**7. Chattel mortgages ⊜⊃129—Are only security for debt, conveying no title.**

Chattel mortgage, though in form a conveyance, conveys no title, but is only security for debt.

**8. Landlord and tenant ⊜⊃259—Issuance and levy of distress warrant not essential to landlord's lien.**

The landlord's lien is given by law, and does not depend on the issuance and levy of a distress warrant; the only office of the distress warrant being to impound the property during the pendency of the suit.

**9. Exemptions ⊜⊃70—Animals and crops on tenant's homestead subject to landlord's lien.**

Animals and crops of tenant on property rented as a homestead, though exempt from levy of execution and attachment, are subject to foreclosure of a landlord's lien; seizure un-

der distress warrant not being necessary, where the officer has possession otherwise.

**10. Landlord and tenant ⊜⊃262(8)—Cost of gathering crops under illegal attachment disallowed in suit to foreclose landlord's lien on same property.**

Where an officer under levy of attachment caused crops exempt from levy under the homestead law to be gathered, and the court later foreclosed both the attachment and a landlord's lien on same, the cost of illegally gathering the crops was properly disallowed.

**11. Landlord and tenant ⊜⊃246(1)—Hogs furnished by landlord, "to be used in planting and gathering food," held subject to landlord's lien.**

A finding that certain hogs were furnished by the landlord, "to be used in planting and gathering the crops," means they were to serve as food for the tenant's family while making the crop, and hence were subject to landlord's lien.

Appeal from Coleman County Court; L. G. Mathews, Judge.

Suit by John W. Cox against Elmer Stephens. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

Baker & Weatherred, of Coleman, for appellee.

JENKINS, J. On May 5, 1921, appellee filed suit against appellant to recover a debt due for rent, and to foreclose his landlord's lien. On the same day appellee sued out a writ of attachment against appellant, on the ground that he was about to dispose of his property for the purpose of defrauding his creditors, and caused the same to be levied upon corn and cotton matured, but not gathered, and upon certain farm implements and three hogs. The property was not replevied. The officer who levied the writ caused the corn to be gathered and the cotton to be picked and ginned, and sold the hogs under order of the court, and paid the proceeds of such sale into court.

On January 11, 1922, appellee filed his amended original petition, wherein he alleged that the property attached, describing the same, was subject to his landlord's lien, and prayed that the same be foreclosed, and also that his attachment lien thereon be foreclosed. The court found that appellant was indebted to appellee in the sum of $236.77 for rents and advances, that the crops levied upon were grown upon the land rented by appellee to appellant, and that the other property was advanced by appellee to appellant to enable him to make a crop upon said land during the year 1921. The court further found that the rented premises were the homestead of appellant during the entire year of 1921, and that all of the property

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

levied upon was exempt from execution, and was of the value of $134.32. These findings of fact are sustained by the evidence.

[1, 2] The court rendered judgment for appellee for his debt and costs, except the expense of gathering said crops, and for foreclosure of the landlord's lien, and also for the foreclosure of the attachment lien. The property being exempt from execution, was not subject to attachment, and it was error to foreclose the attachment lien. But this error was immaterial, inasmuch as the judgment ordered the property sold to foreclose the landlord's lien, and it could work no injury to appellant, if it was also sold at the same time, by the same officer, under the same judgment, foreclosing the attachment lien.

[3] A tenant, residing with his family upon rented land, has a homestead right therein. McCullough v. Call (Tex. Civ. App.) 155 S. W. 718; Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94; Wheatley v. Griffin, 60 Tex. 209.

[4, 5] Ungathered crops, growing upon a homestead, are not subject to attachment. Pate v. Vardeman (Tex. Civ. App.) 141 S. W. 317; Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Moore v. Graham, 29 Tex. Civ. App. 235, 69 S. W. 201. Where one wrongfully levies an attachment upon exempt property, and thereby converts the same to his own use, he is liable to the owner for the value thereof, and cannot offset his debt against the same. Pate v. Vardeman, supra; Craddock v. Goodwin, 54 Tex. 583; Cone v. Lewis, 64 Tex. 331, 332, 53 Am. Rep. 767. The law being as above stated, if appellee had not had a landlord's lien on the property attached, the appellant would have been entitled to a judgment against appellee for $134.32, and the same could not have been offset against the indebtedness of $236.77 owing by him to appellee.

[6] Appellant contends that the appellee, by levying the attachment upon the property on which he had a landlord's lien, thereby waived such lien. It was not without difficulty that we arrived at a decision on this point adverse to appellant's contention. It is stated in 24 Cyc. 1248, that a landlord waives his lien by levying an attachment upon property subject to such lien. The only case there cited in support of this proposition is Potter v. Greenleaf, 21 R. I. 483, 4 Atl. 718, which sustains the text. The Rhode Island case cites, in support of the doctrine there announced, Haynes v. Sandborn, 45 N. H. 429, Evans v. Warren, 122 Mass. 303, Libby v. Cushman, 29 Me. 429, Whitney v. Farrar, 51 Me. 418, and Wingard v. Banning, 39 Cal. 543, to which may be added Cox v. Harris, 64 Ark. 213, 41 S. W. 426, 62 Am. St. Rep. 187. All of these cases, except the California case, hold that a mortgagee, by causing a writ of attachment to be levied upon the mortgaged property, thereby waives his mortgage lien. These cases hold that the remedy of attachment is inconsistent with the foreclosure of a mortgage lien, and that, when a party has one of two inconsistent remedies, by pursuing the one he thereby abandons the other. These cases rest upon the doctrine that a mortgagee of personal property has the right, upon the maturity of his debt, to seize and hold such property.

[7] No such right exists under the laws of this state. Here a mortgage, though in form a conveyance, conveys no title, but is only a security for debt. Here the levying of an attachment on mortgaged property, and thereby surrendering possession to the officer of the law, would not be to abandon his right of possession, as was held in the cases cited, for he would have no such right of possession. As was said in Byram v. Stout, 127 Ind. 195, 26 N. E. 687, the doctrine announced in Evans v. Warren, 122 Mass. 303, supra, and other cases of like import, depends upon a mere legal technicality, and is not very satisfactory. The California case above referred to rests upon the ground that the lien of a common carrier depends upon continued possession, and the levy of an attachment was the voluntary surrender of such possession to the officer levying such attachment, and that this constituted a waiver of the carrier's lien.

[8-10] In the instant case, had appellee sued out a distress warrant, instead of an attachment, there could be no question as to the correctness of the judgment foreclosing his landlord's lien. The landlord's lien is given by law, and does not depend upon the issuance and levy of a distress warrant. Brown v. Collins, 77 Tex. 159, 14 S. W. 173. The only office of a distress warrant is to impound the property during the pendency of the suit. The attachment served that purpose. The property was on the rented premises when this suit was filed. Appellee prayed for foreclosure of his landlord's lien. The property was subject to such lien. It was in the hands of the officer when judgment herein was rendered, and in no different condition to what it would have been, had the same been seized under a distress warrant. The court adjudged the cost of gathering the crops against appellee, which was proper, inasmuch as the property was not subject to attachment. Justice has been done, and we do not think the judgment should be reversed because the attachment was levied; the appellant having suffered no injury thereby.

[11] We overrule appellant's contention that the hogs were not subject to the landlord's lien. The court found that they were furnished by appellee to be used in planting and gathering the crops, by which the court meant to be used by appellant as food for himself and family while making the crop. They had not been so used when levied upon

under the writ of attachment, which was September 8th. The evidence shows that hog-killing time in that county is usually in November or December.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.