## PAIR v. SCOGGINS.
### No. 3909.

Court of Civil Appeals of Texas. Amarillo.
Nov. 23, 1932.

Rehearing Denied Dec. 14, 1932.

Moore & Wilson, of Amarillo, for appellant.

P. F. Sapp, of Amarillo, for appellee.

JACKSON, J.

This suit was instituted on the 12th day of November, 1931, in the justice court of Potter county, Tex., by O. E. Pair as plaintiff against Les Scoggins as defendant, to recover the sum of $118.23, $72.26 of which amount was alleged to be due the plaintiff by the defendant as rent for certain premises and $23.-37 of which was alleged to be due on account.

The plaintiff had a distress warrant issued and levied upon certain property of the defendant. In addition to his landlord's lien, he asked that his contract lien be foreclosed on the property distrained.

The defendant answered by general demurrer and general denial, and by way of cross-action sought to recover damages in the sum of $150 against plaintiff for having wrongfully and illegally distrained certain exempt property of the defendant.

On a trial in the justice court the plaintiff was denied any recovery and defendant was given judgment for $50 on his cross-action, and plaintiff prosecuted an appeal to the county court at law of Potter county.

Some time thereafter the defendant filed an original suit against the plaintiff in said county court at law to recover damages against the plaintiff for unlawfully and illegally distraining his property. On motion the two cases were consolidated, written pleadings were filed, and the matters in controversy litigated in the consolidated case, styled C. E. Pair v. Les Scoggins.

In response to special issues submitted by the court, the jury found, in effect, that the defendant was not indebted to the plaintiff for rent; that part of the property seized under the distress warrant was exempt; and that the defendant suffered actual damages in the sum of $120. On these findings judgment was rendered for the defendant on his cross-action for said sum, plaintiff was denied any recovery, and prosecutes this appeal.

The appellant challenges as error the action of the court in rendering judgment against him and in refusing to foreclose his contract lien upon the property distrained.

The lease contract upon which appellant sued, after describing the premises, the term of the lease and the consideration therefor, the purposes for which the property was leased, together with some other provisions, contains the following:

"To secure lessor in the payment of all sums which shall be due hereunder, whether rentals, compensation for damages to the leased premises or damages for the breach of any of the terms, conditions or covenants hereof, or other indebtedness, lessee hereby expressly grants unto lessor, his heirs and assigns, an express contract and mortgage lien upon any and all goods, chattels and property of every kind belonging to lessee, placed or used in and upon said leased premises by lessee, which said lien does and shall include and secure payment of all indebtedness now owing by lessee to lessor or which may hereafter be owing from lessee to lessor, at any time during the existence of this lease, whether actually matured or not; the lien hereby created securing the payment of all rentals and other indebtedness which may become due lessor from lessee during the existence of this lease both before and after maturity thereof, any and all laws by or under which said property might be held exempt from the payment of said rentals being hereby expressly waived by lessee.

"If lessee at any time defaults in the payment of rentals or any other sums due hereunder * * *" or "if at any time it becomes necessary for lessee to resort to said lien hereby created, he may proceed to sell

the property encumbered therewith at public or private sale \* \* \* with or without notice of sale \* \* \* applying the proceeds first to the expense of keeping said property and the expense of said sale \* \* \* second to the payment of the sums due lessor \* \* \* paying the excess, if any, to lessee or his order."

The record discloses that the property upon which the distress warrant was levied had been on the premises and used by the appellee during the time the premises were occupied by him, but had been removed therefrom at the time the officer took possession thereof under the writ.

The appellee alleges in his cross-action that he was not indebted to the appellant in any sum for rent, but that he owed him $67.21 on open account for merchandise, but contends that said indebtedness was not secured by the landlord's or contract lien relied on by appellant.

In our opinion the above provisions of the lease contract created a valid lien against the property distrained to secure the payment of all indebtedness of appellee to appellant which was created during the existence of the lease. The contract provides, in effect, that it is to secure the appellant in the payment of all moneys due under the contract, whether rentals, damages, breach of covenants, "or other indebtedness," and that the lien created secured the payment of all rentals "and other indebtedness" which may become due the appellant by appellee during the existence of the lease. It also authorizes the appellant, in case of default, to resort to the lien created and sell the property incumbered, with or without notice. Freiberg et al. v. Magale, 70 Tex. 116, 7 S. W. 684; Askey v. Stroud (Tex. Civ. App.) 240 S. W. 339 and authorities cited; First National Bank of Corsicana v. Zarafonetis et ux. (Tex. Civ. App.) 15 S.W.(2d) 155, writ refused. The appellant did not waive his contract lien by having the property seized under a distress warrant. Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241; Id. (Tex. Civ. App.) 256 S. W. 643; . Lovelady et al. v. Harding et al. (Tex. Civ. App.) 207 S. W. 933.

The appellant, having a valid contract lien against the property distrained, was entitled to a judgment for his debt and a foreclosure of his lien, whether the indebtedness due him was for rent or upon open account.

Appellant presents numerous other assignments which, in view of the disposition we make of the case, we deem unnecessary to consider.

The judgment is reversed, and the cause remanded.