## BARTLETT SIMS v. WILLIAM R. REDDING.

A motion to complete the *jurat* to a petition for injunction, should be heard before a motion to dissolve the injunction, on the ground that the petition is not sworn to, although the latter motion be first filed.

Where the Judge who granted the *fiat* for an injunction, presided at the trial of a motion to dissolve the injunction and dismiss the petition on the ground that the petition was not supported by affidavit, and refused first to consider a motion filed by the plaintiff to supply the defect on the ground that the affidavit was in fact made before the Judge when the *fiat* was granted, and that he had failed to certify it, which he was now asked to do *nunc pro tunc;* said motion being supported by an affidavit of the fact; it was held that the refusal of the Judge to first consider said motion was tantamount to overruling it, and that such ruling could not be revised.

Where the petition for an injunction against a judgment was not supported by affidavit, but the injunction was nevertheless issued, it was held that there was no error in dissolving the injunction and dismissing the petition and rendering a judgment for the amount of the original recovery enjoined, with damages, on motion of the defendant.*

* It is possible that this ruling was based upon the fact that the record did not distinctly state that plaintiff asked to have the petition continued over for final hearing, as an original bill. But the bill of exceptions stated that the rulings, as to the motions, occurred when the "cause was called for trial." Besides, there being a defect in the bond, which was not, however, made a ground of the motion to dissolve, the bill of exceptions contained the following: And the plaintiff, at the time the defendant prosecuted his motion to dissolve the injunction and dismiss the bill, offered to execute instanter, a new injunction bond, payable to the defendant Redding, in any sum that the Court might fix, and to make it relate back to the date of filing the petition, to pay to said Redding all the damages that he had sustained, or might thereafter sustain; which offer the Court refused, and proceeded to, and did render judgment upon the defendant's motion to dissolve the injunction, and dismissed the bill. To all of which said several

Sims v. Redding.

Appeal from Williamson. Tried below before the Hon. Thomas H. DuVal.

The motion to complete the *jurat* was filed after the motion "to dissolve the injunction and dismiss the petition." The grounds of the latter motion were, that the pleadings show that there is no equity set forth in the petition, and that the petition is not verified by affidavit. The *fiat* for the injunction had been granted by the same Judge who presided at the trial of the motion. The other facts are stated in the Opinion.

*Hancock & West*, for appellant. There is but little doubt, indeed there is no doubt but that the want of a *jurat* to the petition, had a controlling weight with the Judge in determining the motion to dissolve. If, however, he had permitted the appellant to amend, as he should have done, the decision might have been different.

The Court erred most flagrantly in dismissing the petition, even if the injunction was dissolved. (Hart. Dig. Art. 1604; Fulgham v. Chevallier, 10 Tex. R. 518; Burnley v. Cook, 13 Tex. R. 586.)

*O' Conner*, for appellee.

ROBERTS, J. In this case appellant filed a petition for an injunction to enjoin a judgment in the District Court, in favor of Redding, upon the ground that it had been satisfied by the transfer of a certificate, and that the consideration given by Redding for this certificate was the release and satisfaction of this judgment, and his note for fifty dollars still held by Sims as a debt against Redding.

Appellee answered, explaining and avoiding this transaction, and moved the Court to dissolve the injunction and dismiss the petition, because (among other reasons) " the petition is not verified by the affidavit of the plaintiff."

Appellant filed a motion asking the Court to complete the affidavit to the petition *nunc pro tunc;* and supported this motion

rulings and judgment of the Court the defendant excepted, &c. Still there is nothing stated inconsistent with a willingness on the part of plaintiff to have the suit dismissed, if the motion to dissolve was sustained, unless such be the conclusion from the very terms of the petition in all injunction causes. One of the assignments of error was, that the Court erred in dismissing the petition.—REPS.

by an affidavit that he swore to the petition at the time the Judge of the District granted the *fiat*.

The defect of the *jurat* was that there was no officer's name subscribed.

It appears by the bill of exceptions, that the appellant insisted upon his motion to complete the affidavit being considered and acted on by the Court before considering the motion to dissolve the injunction, which the Court refused to do, but proceeded to determine the latter motion, dissolved the injunction and dismissed the petition.

The Court also rendered judgment for the amount the judgment enjoined, and decreed a cancellation of the said fifty dollar note given by Redding to Sims.

The most natural order of proceeding was to consider and act on appellant's motion, and if the Judge was satisfied that he had administered the oath to Sims at the time of granting the *fiat*, he could have completed the affidavit by signing his name to the *jurat*. If the Judge would not thus amend it, because he was not satisfied of the fact or for any other reason, appellant had no means of compelling him to do it, any more than he can compel an officer to amend a return ; nor had he any other means by his own oath or otherwise, of supplying the defect.

The Judge having refused to act on the motion, which appealed directly to him to perform a personal act, we must presume that it was upon some reason satisfactory to himself.   Whatever were his reasons, whether good or bad, he refused to amend what could be amended alone by his personal act, and that was an end of the matter.   The petition not being sworn to, it was not error in the Court to dismiss it, dissolve the injunction, and render a judgment for the amount of the original recovery enjoined with damages.

But the decree cancelling the note for fifty dollars was erroneous, because it was that far a determination of the merits of the controversy, which was inconsistent with the judgment dismissing the petition.   The judgment will be reversed and reformed.

                                        Reversed and reformed.