## NEWBURG v. SPINHIRNE.
### No. 3490.

Court of Civil Appeals of Texas. Amarillo. Feb. 11, 1931.

Rehearing Denied March 4, 1931.

J. A. Coffee and J. W. Witherspoon, both of Hereford, for plaintiff in error.

E. O. Northcutt, of Amarillo, for defendant in error.

### RANDOLPH, J.

Defendant in error has filed his motion to strike the record herein for the reason that the affidavit in lieu of a bond is not sufficient and same does not show that said F. J. Newburg is or was at the time a resident of Oldham county, Tex., and to ascertain that fact search has to be made further into the record, and such affidavit is not made in accordance to the law in such case and does not show the proper proof was made as required in the county of his residence.

Rule 8 for the Courts of Civil Appeals requires that all such motions which relate to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket of this court within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived. The transcript in this cause was filed in this court on July 7, 1930. The motion to strike herein was not filed until January 28, 1931, more than six months after the date of the filing of the transcript.

 If an affidavit in lieu of an appeal bond is void or was made before an officer not authorized to administer an oath, or attest such document, the defect is jurisdictional; but if it is merely defective or there is an omission of some fact which can be waived or which can be established by evidence, the objection must be taken within a reasonable time (thirty days) to be available. Green v. Hewett, 54 Tex. Civ. App. 534, 118 S. W. 170; Stewart v. Heidenheimer, 55 Tex. 646.

 The appellant's attorney has filed his affidavit herein that the appellant was at the time of the making of the affidavit of inability to pay costs before the county judge of Oldham county, a resident of Oldham county. This is a sufficient answer to the motion to strike. Claiborne v. M., K. & T. Ry. Co., 21 Tex. Civ. App. 648, 53 S. W. 837, 57 S. W. 336.

 The plaintiff alleges in his petition that the defendant, appellant, was then a resident of the county of Oldham, and we do not see the necessity for the allegation to be repeated in the affidavit. The motion to strike is therefore overruled.

This appeal was taken from a judgment in favor of the plaintiff and against the defendant, in a suit based upon the following allegations in plaintiff's petition:

"That on or about February 1, 1927, the plaintiff, A. E. Spinhirne and the defendant, F. J. Newburg, made and entered into a certain oral agreement in reference to the leasing of certain premises and whereby the said A. E. Spinhirne did lease and let unto the said F. J. Newburg all of section sixteen (16) block K–6, Oldham and Deaf Smith Counties, Texas, for a period of three years, beginning February 1, 1927, and said parties did on or about the 9th day of June, A. D. 1927, made and enter into a written lease whereby the said A. E. Spinhirne did lease and let said property above mentioned to the said F. J. Newburg.

"Which contract in writing was in accordance to the agreement theretofore made by said parties, but which was made orally; which agreement was so made by the mutual agreement of the parties and which agreement was so signed and executed by said parties as to the agreement of the parties, and which the said F. J. Newburg took possession of the said premises in accordance with said contract and agreement; that contemporaneously with the making of said contract of lease, this plaintiff delivered to the said F. J. Newburg a certain number of cattle and hogs and money to the extent of $745.55, which stock and money was advanced and furnished by this plaintiff as the landlord to this defendant, as tenant, for the purpose of enabling said defendant to make a crop upon the above mentioned premises, and to gather, secure, house and put the same in condition for marketing; all of which said money, the value of the animals, provisions and supplies furnished by this plaintiff as herein stated, were necessary for that purpose.

"At the same time, namely, February 1, 1927, and in accordance to the agreement of the parties, in order to evidence the amount that was due to this plaintiff and was advanced by him as hereinabove mentioned, all of which was advanced to the defendant, F. J. Newburg, which the said F. J. Newburg executed and delivered a note payable to the order of A. E. Spinhirne at Vega, Texas, for the sum of $745.55 but said note was given only for the purpose of evidencing and showing the amount so advanced at that time by the said A. E. Spinhirne to the defendant, F. J. Newburg, for the purposes as above set out.

"In this connection this plaintiff would allege and show that sometime, on or about the 6th day of August, A. D., 1928, the plaintiff, A. E. Spinhirne, and the defendant, F. J. Newburg, had a settlement in reference to the amount due by the said F. J. Newburg to this plaintiff and in accordance to said agreement the said F. J. Newburg represented to this plaintiff that he would be compelled to have additional sums of money and cattle to enable him to proceed in the matter as above set out in accordance to the previous agreement that they had as hereinabove alleged, and as said defendant, Newburg, was due to this plaintiff to said A. E. Spinhirne the said sum of $745.55 as above mentioned, which he was able to pay to the said A. E. Spinhirne, and then required the said A. E. Spinhirne to let him pay up the interest as provided in said note, and to let said note stand as it was and required the said A. E. Spinhirne to let said note stand as it was and requested the said A. E. Spinhirne at that time to re-advance said sum of money, namely, $745.55 to said defendant for the purpose of enabling him to make a crop on such premises and to gather, secure, house and put the same in condition for marketing, as above set out; all of which being necessary for that purpose and was so represented by this said defendant, Newburg, to this plaintiff, and which was so agreed by the parties at that

time that the said amount should still represent the money and the value of animals, provisions and supplies furnished by this plaintiff as the landlord, to the defendant as tenant, as advances to enable him to make such crop on such premises, and to gather, secure, house and put the same in conditions for marketing; all of which 'were furnished at that time by this plaintiff to said defendant, Newburg, and which sum, together with interest, as provided in said note as agreed to by the parties, is still due and unpaid and said defendant has failed and refused to pay the same or any part thereof, though often requested," etc.

It is further alleged in plaintiff's petition that the defendant again represented on the 15th day of October, A. D. 1928, to the plaintiff, that it was necessary for him to have additional money, and the said Spinhirne advanced the defendant the sum of $281.44, and took his promissory note for same.

There was judgment in favor of the plaintiff for the sum of $655.

There is no statement of facts in this case, and hence we cannot pass upon any question, the solution of which depends upon the evidence supporting or disproving any contention raised by defendant. It appears from the record that a distress warrant, issued from a justice court, was levied upon certain cattle claimed to have been removed from the landlord's premises. This distress warrant does not appear in the record, neither is the return of the sheriff thereon. Hence we cannot ascertain what cattle were taken by the sheriff by his return under such warrant.

The landlord has a preference lien on the property of the tenant upon such premises, for any rent that may become due and for all money and the value of all animals, tools, provisions, and supplies furnished by the 'landlord to the tenant to make a crop on such premises and to gather, secure, house, and put the same in condition for marketing, the money, animals, tools, provisions, and supplies so furnished being necessary for that purpose, whether the same is to be paid in money, agricultural products, or other property, and this lien shall apply only to animals, tools, and other property furnished by the landlord to the tenant and to the crop raised. Article 5222, R. C. S. 1925.

This statute does not require any description of the property on which the lien attaches beyond that stated therein, but only requires the property to be "upon the premises" and to have been furnished by the landlord for such purposes.

■ The description of the property as given in the sheriff's return not being in the record, we cannot determine what property he took into possession by reason of the authority of the warrant. But it is immaterial as to the authority of the trial court to foreclose the distress warrant lien. If the warrant is defective in any way, this does not destroy the landlord's lien—that lien exists, independent of the warrant. Newman v. Ward (Tex. Civ. App.) 46 S. W. 868; Polk v. King, 19 Tex. Civ. App. 666, 48 S. W. 601; Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241; Crutcher v. Wolfe (Tex. Civ. App.) 269 S. W. 841.

■ In the absence of a statement of facts, the trial court's finding in the judgment becomes material. That court, in foreclosing the plaintiff's lien, used the following language in describing the cattle:

"On the following described property, as such lien existed on February 1, 1927, June 9, 1927, March 25, 1929, and on February 18, 1930, 16 head of cattle, no brands, and ranging in size from old cows down to yearlings and calves and being the same cattle now in the possession of the sheriff of Oldham County, Texas, under and by virtue of warrant issued out in this case on Feb. 18, 1930; but being a separate and distinct warrant issued which was referred to as being wrongfully issued, the warrant being wrongfully issued being returnable to Oldham County Court and not to the District Court, said property still remaining in the hands of said officer."

It will be seen that the sheriff's description might have afforded aid to the court in its description in the judgment. Be that as it may, we are entitled to presume, in the absence of a statement of facts, that the cattle were on the premises; that they were cattle furnished the tenant by the landlord; and that they were furnished the tenant for the statutory purposes. So far as the specific cattle are concerned, they being presumed to have been taken by the sheriff on the premises and having been segregated and taken into his possession and being now in his possession, they can be certainly identified.

■ The plaintiff's petition clearly alleges facts which, if proved, would establish a landlord's lien on the cattle, and the judgment of the trial court being for a foreclosure of the "plaintiff's lien," we cannot presume that the court was attempting to foreclose a purchase-money lien, when the pleading also authorizes the foreclosure of the landlord's lien.

We therefore affirm the judgment of the trial court.