Tony SMITH, Appellant,

v.

Andra HAYES, Appellee.

Motion No. 20488.

Court of Civil Appeals of Texas, Fort Worth.

March 13, 1980.

Tony Smith, pro se.

Catherine H. Adamski, Fort Worth, for appellee.

## OPINION

### PER CURIAM.

Submitted is the motion for extension of time for filing transcript and statement of facts of Tony Smith, representing himself as a person who either has perfected an appeal or as a person entitled to establish before the trial court his right to appeal by pauper's affidavit.

January 2, 1980 Smith filed with the clerk of the trial court an instrument intended by him to constitute the affidavit of inability to pay the costs of appeal or give security therefor, as prescribed by Tex.R. Civ.P. 355. "Party Unable to Give Cost Bond." However, there was neglect by Smith to obtain the services of a notary public or other official authorized to administer oaths so that the representation by this instrument was unsworn. It could not be said to have qualified as an affidavit. 2 Tex.Jur.2d 402, "Affidavits," § 9, "(The Officer)—In general."

The result was that while Smith had on file an instrument which might have been amended, indeed by an amendment which would be under oath so as to qualify as an affidavit, yet he did not have on file any affidavit contemplated by Rule 355 which could have been amended. This was the situation at the end of the thirty day period following date Smith's motion for new trial had been overruled on December 13, 1979. The last day of such "thirty day period" was Saturday, January 12, 1980.

Though the instrument filed by Smith did not qualify as an affidavit which set in

motion, conditionally, the time for filing any contest by any interested party or officer of the court it was obviously treated as having done so by a motion in opposition (also not sworn as provided in such cases by Rule 355) by which opponent sought to contest the Smith right to appeal as a pauper. Tex.R.Civ.P. 354, "Cost Bond or Deposit." Indeed, confronted by a record in this condition the trial court did proceed—on February 1, 1980—to hear the case as a contest of a proper pauper's affidavit.

On the same date as the hearing—and apparently before the hearing proceeded—the court permitted opponent to amend her motion in opposition so that it became a sworn pleading in contest of the Smith instrument because it was not sworn. On February 8, 1980 the court entered what was styled "Order Sustaining Objection to Defendant's Affidavit of Inability to Pay Costs under Rule 355" in which the court referred to "Defendant's Affidavit" as insufficient because unsworn.

On February 8, 1980 Smith proceeded to file, though without authority of the court first obtained, an affidavit in form which was in compliance with Rule 355 in that his oath thereto had on such date been made before a notary public. That sworn to therein was identical to the unsworn representations of the instrument he had filed on January 2, 1980. Of course the instrument of February 8 was filed too late because Smith had lost his ability to appeal from the judgment of the trial court. He had not placed on file, by the time within which he must have done so, either cash or an appeal bond in lieu thereof nor the affidavit for which there was provision by Rule 355.

Therefore there was not preserved the ability of Smith to appeal and, since there may be no appeal, there could be no good cause to grant an extension of time within which to file an appellate record. This court could not entertain such even if filed because we would have no jurisdiction.

 If an affidavit in lieu of an appeal bond is void or made before an officer not authorized to administer an oath or attest

to such document the defect is jurisdictional. *Newburg v. Spinhirne*, 35 S.W.2d 1084 (Tex.Civ.App.—Amarillo 1931, writ dism'd). The instrument placed on file by Smith on January 2, 1980 did not invoke, nor could it have invoked, the jurisdiction of this appellate court, even conditioned upon possible action of the trial court purporting to sustain the Smith right to appeal by pauper's affidavit.

Mr. Smith's reliance upon an earlier case of this court is misplaced. See *Robinson v. Robinson*, 105 S.W.2d 454 (Tex.Civ.App.—Fort Worth 1937, no writ). In *Robinson* there was not want of affidavit, but rather of defect or omission in recitations of that to which a proponent had made affidavit. The Court of Civil Appeals had already admitted the appeal and the hearing was upon a motion to dismiss the proceeding as a proper appeal. The language of the opinion recites that there was an affidavit. The holding of this court was to the effect that the appellant had the right to amend the pauper's affidavit (purporting to support his appeal) to show with certainty the judgment from which an appeal had been taken and the court permitted time within which such might be done, and prescribed that if it not be done the appeal would be dismissed. The case has no application here.

Motion for extension of time is denied.