**AMERICAN COMMUNICATIONS TELE-COMMUNICATIONS, INC., Appellant,**

v.

**COMMERCE NORTH BANK, Appellee.**

No. 04–83–00358–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1983.

Geffrey E. Goring, San Antonio, for appellant.

Don Krause, San Antonio, for appellee.

Before CADENA, C.J. and ESQUIVEL and DIAL, JJ.

## OPINION

PER CURIAM.

Appellee has moved to dismiss this appeal on the ground that appellant has failed to perfect its appeal due to its filing of a defective affidavit of inability to pay the costs of appeal. The motion will be denied.

Final judgment in this cause was signed April 19, 1983. Since appellant filed a motion for new trial, its affidavit of inability to pay the costs of appeal was due on or before July 18, 1983. Rule 356(a).[1] On June 24, 1983, appellant filed its affidavit. The affidavit is defective in that the notary public who administered the oath to the affiant neglected to sign the affidavit. On July 22, 1983, four days after the 90-day deadline of Rule 356(a), appellant filed a "corrected" affidavit in which the notary

---

1. All references to rules are to Texas Rules of Civil Procedure.

swore that she had administered the oath to the affiant, witnessed his signature, affixed her notary stamp and seal, but neglected to sign the document herself. Appellee, while not mentioning the corrected affidavit, contends that the failure of the notary to sign the original affidavit renders it merely an unsworn declaration which is insufficient to confer jurisdiction on this Court.

The defect was first pointed out at the contest on the affidavit on July 14. The trial court abated the contest to permit the affidavit to be cured and accepted the cured affidavit when the contest resumed on July 29. The trial court also overruled appellee's contest at that time.

Rule 437 states that an appeal shall not be dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities. The goal of this rule is to eliminate, insofar as practical, the jurisdictional requirements which sometimes result in disposition of appeals without consideration of the merits. *B.D. Click Co., Inc. v. Safari Drilling Corp.* 638 S.W.2d 860 (Tex.1982). Further, Rule 430 provides that on motion to dismiss for a defect of substance or form in an appeal or writ of error bond, we may allow the same to be amended by the filing of a new bond in this court on such terms as we may prescribe. As the Supreme Court has stated, Rule 430

> is liberally construed and applied to carry out its intended purpose. If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on timely request, be amended to cure any defect of either form or substance.

*Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568, 570 (Tex.1975). This rule applies not only to defective bonds but to defective cash deposit certificates as well. *Id.* In light of the liberal construction of these rules mandated by our Supreme Court, and in the interests of justice, we hold that the same rules should apply to affidavits of inability to pay the costs of appeal.

If the failure of the notary to affix her signature to the affidavit renders it void, the defect is jurisdictional, and it may not be cured by amendment of the affidavit after its due date to permit perfection of the appeal. *Smith v. Hayes,* 597 S.W.2d 488, 489–90 (Tex.Civ.App.—Fort Worth 1980, no writ); *Newburg v. Spinhirne,* 35 S.W.2d 1084, 1085 (Tex.Civ.App.—Amarillo 1931, writ dism'd). On the other hand, the document filed was surely "any sort of instrument" intended to be an affidavit and intended to invoke our jurisdiction. If the defect is one of substance or form, it was properly amended and sufficient, as amended, to perfect the appeal. *Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co., supra.*

Defective affidavits of inability to pay costs may be amended to preserve the appellant's appeal. *Robinson v. Robinson,* 105 S.W.2d 454, 455 (Tex.Civ.App.—Fort Worth 1937, no writ). Defects in cost bonds and cash deposit certificates also have been held to be curable by amendment. *Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co., supra; Owen v. Brown,* 447 S.W.2d 883, 885 (Tex.1969); *United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States & Canada v. Borden,* 160 Tex. 203, 328 S.W.2d 739, 741 (1959). Likewise, numerous defects in affidavits have been held to be curable by amendment. 2 TEX. JUR.3d *Affidavits* § 27 (1979) and cases therein cited. It is the general rule that the officer's signature may be added to an affidavit by amendment. *White v. Casey,* 25 Tex. 552, 555 (1860); *Sims v. Redding,* 20 Tex. 386, 389 (1857); 2A C.J.S. *Affidavits* § 54 (1972). We hold that the failure of the notary in this case to sign the affidavit is a defect of form or substance which was properly amended by adding her signature. The affidavit, as amended, has properly perfected appellant's appeal.

Appellee cites us to the case of *Smith v. Hayes, supra,* as authority for the proposition that the document filed by appellant was not an affidavit which could perfect its appeal. *Smith v. Hayes* is not in point. In

that case the party attempting to perfect his appeal had neglected to obtain the services of a notary public or other officer authorized to administer oaths so that his purported affidavit was unsworn and "could not be said to have qualified as an affidavit." 597 S.W.2d at 489. The *Smith* court cited the rule in *Newburg v. Spinhirne, supra,* which states that if an affidavit is void or made before an officer not authorized to administer an oath the defect is jurisdictional. In the instant case the affidavit was sworn to before a proper officer. As such it was defective merely in form or substance, properly curable by amendment, and is, as amended, sufficient to perfect appellant's appeal.

The motion to dismiss is denied.