Louis BARRELLE, Relator,

v.

Honorable Edward S. JOHNSON,
Judge, et al., Respondents.

No. 3–87–205–CV.

Court of Appeals of Texas,
Austin.

Nov. 25, 1987.

Rehearing Denied Jan. 6, 1988.

Louis Barrelle, Copperas Cove, for relator.

Don E. Mayfield, Sheehy, Lovelace & Mayfield, P.C., Waco, Patrick J. Ridley, Co. Atty., Richard E. Ward, Asst. Co. Atty., Belton, for respondents.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Relator, Louis Barrelle, filed a motion for leave to file petition for writ of mandamus and tendered his petition pursuant to Tex.R.App.P.Ann. 121 (Supp.1987). This Court granted the motion for leave to file. By his petition, relator seeks a writ of mandamus to compel respondent, the Honorable Edward S. Johnson, to order preparation of the statement of facts and to compel respondent, Vada Sutton, county clerk, to prepare and file the transcript. Tex.R.App.P.Ann. 51(c), 53(j)(1) (Supp. 1987). The real party in interest to this proceeding is James Miller.

On July 20, 1987, in the cause underlying this proceeding, the county court at law of Bell County entered judgment that relator take nothing on his claim against Miller. Relator did not file a motion for new trial; therefore, Tex.R.App.P.Ann. 41(a)(1) (Supp. 1987) required him to perfect his appeal on or before August 19. Texas R.App.P.Ann. 40(a)(3) (Supp.1987) allows an appellant who is unable to pay costs or to give security therefor to prosecute an appeal by filing an affidavit of inability to pay within the Rule 41(a)(1) time limits. Pursuant to these rules, relator timely filed, on July 23, an "affidavit" of inability to pay. This instrument states:

Louis Barrelle says he is unable to pay the cost of appeal or part thereof or give security therefor.

/s/
_____
Louis Barrelle

GIVEN under my hand and notarial seal this 23rd day of July, 1987.

My commission expires Aug. 16, 1989

/s/
_____
SEAL                              Notary Public

Thereafter, on August 7, relator requested of the trial court that it order the court reporter to prepare a statement of facts at no cost to relator, pursuant to Rule 53(j)(1). Relator also filed his request for transcript pursuant to Rule 51(b). On August 18, Miller filed his objection to preparation of statement of facts and contest of perfection of appeal and, on August 24, his objection to relator's request for transcript. The trial court set the matter for hearing, to which hearing Miller objected. Following the hearing, the court noted on the docket sheet, "no orders entered in that objection is well taken, appeal not perfected; ...." To date neither the statement of facts nor the transcript has been filed in this Court.[1] Respondents' refusal to act in accordance with the applicable rules underlies this petition for mandamus.

■ An appellate court may issue a writ of mandamus only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Strake v. First Court of Appeals*, 704 S.W.2d 746 (Tex. 1986); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). Mandamus requires the existence of "a legal duty to perform a nondiscretionary act; a demand for performance and a refusal." *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979); *Perez v. McGar*, 630 S.W.2d 320 (Tex.App.1982, orig. mand. proceeding). Mandamus is the proper remedy by which to determine whether a party is entitled to pursue the appeal on affidavit of inability to pay. *Allred v. Lowry*, 597 S.W.2d 353 (Tex. 1980).

Relator argues that respondents had no discretion whether to order preparation of the statement of facts and to prepare the transcript. Relator timely filed an "affidavit" of inability to pay. Rule 40(a)(3)(C) allows any interested officer of the court or party to the suit to file a contest to the affidavit within ten days after notice thereof. If no contest is filed in the alloted time, the allegations of the affidavit shall be taken as true and a party is absolutely entitled to the exemption from costs. Rule 40(a)(3)(E); *Guetersloh Grain, Inc. v. Wright*, 618 S.W.2d 135 (Tex.Civ.App.1981, orig. mand. proceeding). "The supreme court has put an absolute limit on the time which an indigent must await a final decision on his affidavit while the appellate time tables continue to run against him." *Beatty v. Martin*, 690 S.W.2d 94, 95 (Tex. App.1985, orig. mand. proceeding). Accordingly, when no contest was filed within the ten-day period, relator filed his requests for preparation of the statement of facts and the transcript.

Respondents and Miller assert that relator's argument fails because the instrument filed does not qualify as an affidavit. Specifically, it does not contain a jurat, a certificate of a competent officer that the writing was sworn to by the person who signed it. *Dixon v. Mayfield Building Supply Co., Inc.*, 543 S.W.2d 5 (Tex.Civ. App.1976, no writ). Consequently, they were not required to file any contest within the Rule 40(a)(3)(C) time limits and the mandatory exemption from costs is inapplicable. Relator has not perfected an appeal; therefore, respondents had no legal duty to perform.

■ Texas Gov't Code Ann. § 312.011(1) (Supp.1987) defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." The jurat merely evidences the fact that the affidavit was sworn to before a duly authorized officer.

---

1. Relator timely filed his motion for extension of time to file the record on September 29, 1987.

Tex.R.App.P.Ann. 54(c) (Supp.1987).

*Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723 (Tex.Civ.App.1979, no writ). An instrument fails as an affidavit not because of the lack of the "subscribed and sworn to" language, the jurat, but because without it, it does not appear that the affiant swore to the allegations at all. *Norcross v. Conoco, Inc.,* 720 S.W.2d 627 (Tex. App.1986, no writ). We agree that without the jurat, the affidavit here does not indicate that relator properly swore to the allegations contained therein. This conclusion, however, does not resolve the issue before this Court.

 A defective affidavit of inability to pay may be amended. *American Communications Telecommunications, Inc. v. Commerce North Bank,* 660 S.W.2d 570 (Tex.App.1983, no writ). The fact that the instrument here does not qualify as an affidavit does not preclude its amendment, as respondents and Miller suggest. The parties contend that there is no affidavit to amend and amendment of the instrument would be ineffective to perfect the appeal because the time in which to perfect the appeal has passed. *Smith v. Hayes,* 597 S.W.2d 488 (Tex.Civ.App.1980, no writ). In *American Communications,* however, the court considered an affidavit filed without the notary's signature and amended four days beyond the time in which to perfect appeal. The court stated:

> the document filed was surely "any sort of instrument" intended to be an affidavit and intended to invoke our jurisdiction. If the defect is one of form or substance, it was properly amended and sufficient, as amended, to perfect the appeal.

*Id.,* at 571; *see also Woods Exploration & Producing Co., Inc. v. Akla Equipment Co.,* 528 S.W.2d 568 (Tex.1975). In each of the above cases the question of amendment was before the court on motion to dismiss. The adoption of a different rule here would be contrary to the goal of the rules to eliminate, insofar as practical, the jurisdictional requirements which result in disposition of causes without consideration of the merits. *B.D. Click Co. v. Safari Drilling Corp.* 638 S.W.2d 860 (Tex.1982); *Templo*

*Ebenezer, Inc. v. Evangelical Assemblies,* 734 S.W.2d 770 (Tex.App.1987, no writ).

 The instrument that relator filed was "any sort of instrument" intended to be an affidavit and to invoke our jurisdiction. Rule 40(a)(3)(C) provided a means by which the county clerk, the court reporter or Miller could have contested that instrument in the trial court. Consequently, we will allow relator a reasonable time in which to amend his affidavit to show that the allegations therein were properly sworn to before a duly authorized officer. We assume that, upon amendment, respondent, the Honorable Edward S. Johnson, will comply with Rule 53(j)(1) and respondent, Vada Sutton, with Rule 51(c). If respondents fail to do so, a writ of mandamus will issue.

Relator, Louis Barrelle, is hereby ordered to file the necessary amendment with the county clerk of Bell County on or before December 9, 1987.