Steven WEEKS, Relator,

v.

The Honorable Carolyn Day HOBSON, Judge of County Civil Court at Law Number Three of Harris County, Texas, Respondent.

No. 01–94–00370–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1994.

Moira Rankin, Charles C. Orsburn, Houston, for appellant.

Eric G. Carter, Tammy Danberg–Farney, Houston, for appellee.

Before WILSON, DUGGAN and MIRABAL, JJ.

## OPINION

WILSON, Justice.

In this original proceeding, relator and plaintiff in the underlying lawsuit, Steven Weeks, asks this Court to direct the respondent, Judge Hobson, to vacate her order of

April 13, 1994, which allows the defendant and real party in interest, Robbins Mitchell, to proceed on appeal from the justice court "in forma pauperis." Weeks argues that Mitchell's intended pauper's affidavit was unsworn, and, therefore, did not constitute an affidavit sufficient to perfect an appeal under TEX.R.CIV.P. 749a.

The following events occurred before this mandamus proceeding:

03/22/94 Writ of citation in forcible entry and detainer or forcible detainer served on Week's tenant, Mitchell.

03/29/94 Weeks obtained in the justice court a writ of possession (to issue on April 4, 1994) against Mitchell. *See* TEX.R.CIV.P. 748.

04/04/94 Mitchell timely filed in the justice court two documents entitled "Affidavit of Inability" and "Notice of Appeal," neither of which was sworn. *See* TEX. R.CIV.P. 749a.

04/07/94 Weeks opposed Mitchell's attempt to perfect an appeal, stating in a document entitled "Special Appearance to Present Motion Objecting to Jurisdiction," that Weeks had not filed an affidavit in conformity with TEX.R.CIV.P. 749a.

04/07/94 Justice court signed an order finding the "Affidavit of Inability" failed to perfect an appeal.

04/08/94 Mitchell filed in the county civil court at law a "Motion for Accelerated Hearing of Appeal," asking for review of the justice court's denial of his affidavit of inability.

04/13/94 Judge Hobson held a hearing on Mitchell's motion, entered an order allowing him to proceed in forma pauperis, and signed a docket control order setting a trial for April 22, 1994.

04/20/94 Mandamus proceeding filed.

04/22/94 This Court granted leave to file and stayed the scheduled trial.

To perfect an appeal from a judgment of the justice court, a party must file with the justice court, within five days after the judgment is signed, a bond or affidavit of inability to pay, or pay all costs and damages that may be assessed against it. TEX.R.CIV.P.

749, 749a; *see Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 579–80 (Tex. 1989) (if no cost bond is filed, to be entitled to appeal appellant must make strict proof of inability to pay costs of appeal by filing affidavit). Mitchell did not file an appeal bond or pay the costs and damages that might be assessed against him. While he timely filed a purported affidavit of inability in the justice court, it was not sworn. His appeal instrument was defective. *See* TEX.GOV'T CODE ANN. § 312.011(1) (Vernon 1988) (an affidavit is a statement sworn to before an officer authorized to administer oath); *De Los Santos v. Southwest Texas Methodist Hosp.*, 802 S.W.2d 749, 755 (Tex.App.—San Antonio 1990, no writ) (to be an affidavit, statement must be sworn to in front of notary); *Barrelle v. Johnson*, 741 S.W.2d 590, 592 (Tex. App.—Austin 1987, orig. proceeding) (instrument fails as affidavit where it does not appear allegations were sworn); *Brown Foundation Repair & Consulting, Inc. v. Friendly Chevrolet Co.*, 715 S.W.2d 115, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (essential that one making an affidavit swear the facts are true).

The Texas Supreme Court, however, has strongly held, in appeals from the trial court to the courts of appeals, that dismissal of an appeal based upon a defective affidavit or bond is improper without allowing the appellant an opportunity to correct the defect. *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991); *Walker*, 776 S.W.2d at 580–81; *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex. 1975); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945); *see also Barrelle*, 741 S.W.2d at 592. Consistent with the holdings of the supreme court, the justice court should have allowed Mitchell the opportunity to file a properly sworn pauper's affidavit.

Following the justice court's finding that Mitchell had failed to perfect his appeal, he brought the matter to the county civil court at law for decision. *See* TEX.R.CIV.P. 749a. The county judge, in this case Judge Hobson,

**480**

heard the matter *de novo.* *Id.*[1] After the April 13 hearing, Judge Hobson ruled that Mitchell could proceed as a pauper. No statement of facts has been brought to us from the hearing.

In a mandamus proceeding, it is the burden of the relator to establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). While it is not always necessary for the relator to bring forth a statement of facts, *see Barnes v. Whittington,* 751 S.W.2d 493, 495 (Tex.1988), when the trial court has held an evidentiary hearing and the relator challenges the order resulting from the hearing, the relator probably cannot establish its right to mandamus relief without a record of the hearing. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992, orig. proceeding) (without statement of facts from evidentiary hearing on motion to compel, supreme court could not assess correctness of trial court's order); *Alta Enters., Inc. v. Clark,* 730 S.W.2d 865, 867 (Tex.App.—Austin 1987, orig. proceeding) (appellate court could not determine in absence of record from hearing whether facts supported trial court's denial of a mandatory legislative continuance based on an exception).

In the absence of a statement of facts from the April 13 hearing, we presume that Judge Hobson allowed Mitchell to swear to the truthfulness of his "Affidavit of Inability," or to otherwise correct his defective appeal instrument consistent with *Grand Prairie.* We presume that there was no evidence or insufficient evidence controverting his pauper status. *See Warfield Elec. v. Harry Hines Property Venture,* 871 S.W.2d 273, 275 (Tex.App.—Eastland 1994, no writ) (in the absence of a statement of facts, an appellate court presumes that facts support the trial court's ruling on discretionary matters).

Accordingly, we withdraw our order granting the motion for leave to file and temporarily staying proceedings in cause number 631,850, *Weeks v. Mitchell,* in the County Civil Court at Law Number Three of Harris County, as improvidently granted, and overrule the motion for leave to file a petition for writ of mandamus.

---

1. The county judge is the presiding officer of the county commissioners court. Tex.Local Gov't Code Ann. § 81.001(b) (Vernon 1988). A constitutional county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction, including forcible entry and detainer suits. Tex.Gov't Code Ann. §§ 26.042(e) (Vernon 1988), 27.031(a)(2) (Vernon Supp.1994). However, in those counties having statutory county courts, such as Harris County, Tex.Gov't Code Ann. § 25.1032(a) (Vernon 1988), the county court at law has jurisdiction over all civil and criminal causes prescribed by law for the constitutional county courts. Tex.Gov't Code Ann. § 25.0003(a) (Vernon 1988). In such counties, the constitutional county court, i.e., the commissioners court in Harris County, retains jurisdiction only of causes and proceedings concerning roads, bridges, and public highways and the general administration of county business. Tex.Gov't Code Ann. § 25.0003(b) (Vernon 1988).