TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00529-CV






Willie Mazon, Appellant



v.



Vanderbilt Mortgage & Finance, Inc., Appellee






FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 98-V-014, HONORABLE DANIEL R. BECK, JUDGE PRESIDING 






O R D E R




PER CURIAM


 Appellant Mazon filed a notice of appeal together with a "Motion to Proceed Without
Payment." See Tex. R. App P. 20.1(c) (affidavit of indigence must be filed "before or with" notice
of appeal). In response to a notice from the Clerk of this Court about an overdue record, appellant
filed an answer stating that no contest to his affidavit of indigence had been filed, and thus he should
receive a free record. See id. 20.1(f). His filing included a docket sheet with a notation showing that
his motion to proceed as an indigent had been denied, although no such order was included with the
documents filed. Appellant's affidavit shows he has a modest surplus of income over expenses every
month as well as assets against which he might obtain a loan. See Griffin Indus. v. 13th Court of
Appeals, 934 S.W.2d 349, 351 (Tex. 1996) (test for indigence is whether record shows that person
would be unable to pay even if he "really wanted to and made a good faith effort to do so."). 
Appellant's affidavit suggests that some payment may be possible. However, his affidavit does not
state the cost of the relevant record. (1) See White v. Schiwetz, 793 S.W.2d 278, 281 (Tex.
App.--Corpus Christi 1990, no writ). After reviewing the limited file and appellant's affidavit, the
Court has concluded that we should abate the appeal and secure certain findings from the trial court.

 This Court requests that the trial court make findings under Tex. R. App. P. 20.1 and
Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a) (West Supp. 2002), including, but not limited to:
whether this appeal can be decided based only on a clerk's record as it appears to be a summary
judgment; the cost of the record; how much of the cost, if any, appellant can pay; and whether the
appeal is frivolous.

 We abate the appeal for forty-five days to allow the court to hold a hearing, if
necessary, and to forward its findings in a clerk's record. Further, Mazon's documentation
references a bankruptcy proceeding; he should update the Court on the status of that proceeding.

 It is ordered November 1, 2002.


Before Chief Justice Aboussie, Justices Patterson and Puryear

Do Not Publish
1. Defects in the affidavit, including a failure to have it notarized, may be cured. See In re J.W.,
52 S.W.3d 730, 733 (Tex. 2001); Barrelle v. Johnson, 741 S.W.2d 590, 592 (Tex. App.--Austin
1987, orig. proceeding). If defects in form were the basis for the denial of indigent status, appellant
should be given a chance to amend before a final determination is made.