**Reversed and Rendered and Opinion and Concurring Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals
———————

NO. 14-11-01022-CV
———————

**HUMBERTO MONTALVO, INDIVIDUALLY AND
D/B/A MONTALVO PRODUCE OF MEXICO, Appellant**

**V.**

**JP MORGAN CHASE BANK, N.A., Appellee**

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2010-23102**

---

## CONCURRING OPINION

I respectfully concur with the majority opinion but write separately to express my concern with the fact that the hearing in this case was set by submission. A number of years ago, trial courts began to hold "hearings by submission." In such a "hearing," the trial court rules solely on the parties' written submissions and does not hear evidence or arguments of the parties. These submission hearings are useful to both the trial court and

the parties, allowing the court to rule on issues without the added time and expense of an oral hearing in court.

Some parties have contested the use of a submission docket, arguing that a hearing by submission does not meet the requirements of the Texas Rules of Civil Procedure. The Texas Supreme Court has routinely rejected the argument that the word "hearing" in the rules of civil procedure necessarily means an "oral hearing." *See, e.g.*, *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W. 2d 357, 359 (Tex. 1998) (oral hearing not required on motion for summary judgment); *Cire v. Cummings*, 134 S.W.3d 835, 843–44 (Tex. 2004) (oral hearing not required on motion to compel and for sanctions). However, an oral hearing may be required when the express language of the rule or the context of the rule would require an oral hearing. *See Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W. 2d 152 (Tex. 1988) (oral hearing required on motion to reinstate when language of rule required court to notify all parties of the *date, time and place of hearing*).

Rule 20.1 of the Texas Rules of Appellate Procedure does not expressly require an oral hearing. *See* TEX. R. APP. P. 20.1. However, I believe that a careful reading of the rule's language and context suggests that one may be required. First, Rule 20.1(g)(1) specifically provides that, if an indigent person is incarcerated at the time of the hearing on the contest, the affidavit must be considered as evidence and is sufficient to meet the indigent's burden to present evidence "without the indigent party's attending the hearing." *See* TEX. R. APP. P. 20.1(g)(1). This would imply that the hearing on a contest is one that would have required attendance—i.e., an oral hearing. Second, Rule 20.1(h) provides additional context supporting this interpretation, even though it does not directly address trial courts. Under Rule 20.1(h), appellate courts may conduct a hearing *or* decide the contest based on the affidavit and any other timely filed documents. *See* TEX. R. APP. P. 20.1(h)(1)–(2). This implies that conducting a "hearing" in the context of Rule 20.1 is an oral hearing because it is different from deciding the contest solely on the affidavits and other documents, which is what happens in a submission hearing. Section 20.1(h) also allows an appellate court to refer the matter to the trial court "to hear

2

evidence," which could only occur at an oral hearing. *See* TEX. R. APP. P. 20.1 (h)(4). Finally, this interpretation is supported by the language of Rule 20.1(i), which is entitled "Hearing and Decision in the Trial Court." This section requires the trial court to set a hearing and notify the parties and the court reporter of the hearing if a contest was filed or if the appellate court refers a contest to the trial court for a hearing. The purpose of the appellate court referral discussed in this rule is for the trial court to "hear evidence." *See* TEX. R. APP. P. 20.1(h)(4). This provision further supports my conclusion that the hearing on a contest in the trial court should be an oral hearing at which a party presents evidence.

Even if the rule did not require an oral hearing, I would have concerns about the submission process. It is true that the notice of submission in this case stated that a party could request an oral hearing, but at what point would a party have to make that request? And, given the tight time requirements in this rule, the oral hearing would have to take place the same day that the hearing was set on the submission docket. This might be unworkable. Also, under section 20.1(g)(1), once a contest is filed, a party must "prove the affidavit's allegations." TEX. R. APP. P. 20.1(g)(1). Normally, this takes place at an oral hearing by testimony of the party. The party's oral testimony of indigence, under cross examination, is sufficient. The indigent person does not have to bring any records with him, although it may be useful to do so. If the matter was on submission, what would replace the indigent's own testimony? Would the indigent party have to submit another affidavit to prove the affidavit already on file? According to the findings of fact, the trial judge in this case did review the original affidavit of the party when he sustained the contest, and appears to have considered it for the truth of the matters asserted.[1] But

---

[1] It appears from the trial court's findings of fact that the trial court's ruling was based on the affidavit. The trial court found that "defendant has exempt unencumbered assets that defendant has not attempted to collateralize to pay for the costs of the appeal" and that "defendant failed to state what costs he could pay on appeal." There is no evidence to support either of those findings. Defendant testified that he had tried to sell the two exempt pieces of property but received no offers on them, and said that he was told that he cannot sell or get a loan on his properties because of pending tax liens, environmental penalties and an IRS lien. Further, he plainly stated in his affidavit, "I am unable to pay the costs of appeal."

he also faulted the party's affidavit as defective, when this defect could have been cured at an oral hearing. *See In re M.G.D.*, 108 S.W.3d 508, 516 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("Trial courts generally may allow a defective affidavit of indigency to be . . . supplemented with testimony at the hearing.") (citing *In re J.W.*, 52 S.W.3d 730, 732 (Tex. 2001)); *Weeks v. Hobson*, 877 S.W.2d 478, 480 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (implying that affidavit of indigence could have been amended by testimony at evidentiary hearing).

I concur in the majority as to the disposition of this case, but urge trial courts to be mindful of the potential pitfalls of setting these motions on their submission dockets.

/s/ Tracy Christopher
Justice

Panel consists of Justices Boyce, Christopher, and Jamison. (Jamison, J., majority).