**AFFIRMED; Opinion Filed February 6, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01348-CR

**DAREN STEVENSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-21775-U**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Daren Stevenson was charged with possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams enhanced with two prior felony convictions. The indictment also alleged the use of a firearm during the commission of the offense. A jury found appellant guilty of the offense as charged and assessed punishment at 28 years' imprisonment. In three issues, appellant contends the appeal should be abated for the opportunity to file an out-of-time motion for new trial because he was denied the effective assistance of counsel; the trial court erred in denying appellant's motion for continuance; and trial counsel was ineffective because he filed a defective motion for continuance. We affirm the trial court's judgment.

# BACKGROUND

In light of the nature of the issues presented, a detailed recitation of the facts is not necessary to our disposition of this appeal. The facts relevant to the disposition of this appeal are as follows:

In April 2014, the narcotics division of the Farmers Branch Police Department received information from a confidential informant that appellant and his common-law wife, Brittany Bailey, were selling methamphetamine, cocaine, and prescription drugs from room 118 at the Garden Inn and Suites located in Dallas, Texas. Surveillance of the room was conducted, and after the information was confirmed through the execution of a controlled buy by the confidential informant, a no-knock search warrant was obtained for the room. The warrant also provided for the arrest of appellant and Bailey. The warrant was executed on April 3, 2014. Shortly before the warrant was executed, Appellant left the hotel in a blue Cadillac; he was followed, and after stopping for a red light, was arrested on a separate arrest warrant. Bailey was arrested in the hotel room during the execution of warrant.

On April 8, 2014, appellant was arraigned on charges of possession with intent to deliver methamphetamine and unlawful possession of a firearm by a felon. On that same day, attorney Kobby Warren was appointed to represent appellant. On September 16, 2014, appellant's trial attorney, Calvin Johnson, notified the trial court that he had been retained to represent appellant. On September 23, 2015, a little over a year after Johnson was retained to represent appellant, the case was called to trial. Before voir dire began, Johnson urged a motion for continuance which he had filed that morning. The written motion stated that counsel needed more time to prepare because he had been in trial the week before. It also stated that counsel needed to have a witness who was currently incarcerated bench warranted to appear on behalf of appellant. During the hearing on the motion, Johnson told the trial court judge that the witness he wanted to bench

warrant was Bailey and that Bailey was essential to appellant's case because "it could provide reasonable doubt, in terms of who sold and possessed the particular drugs, as well as who possessed the particular weapon in question, in terms of the drug case." The judge denied the motion for continuance, stating:

> [A]s of today, Mr. Stevenson has been in Lew Sterrett jail over 543 days. There has been over 62 passes on this case. Initially, this was set for a status hearing back on September 10th, at that time it was set for trial and we are now at September 23rd and the Court has given sufficient time for any preparation that needs to have happened on this case.
>
> And so based on that, I am going to deny your request for a continuance at this time. . . .

On September 25th, a jury found appellant guilty and assessed punishment at 28 years' imprisonment; appellant was sentenced and judgment was entered. On September 28th, Johnson filed a motion for new trial alleging that the verdict was contrary to the law and evidence. On that same date, appellant filed a pro se notice of appeal and requested a court appointed attorney to represent him on appeal. On September 29th, the court appointed Dianne Jones-McVay to represent appellant in his appeal. On October 8, Jones-McVay filed a Designation of Record on Appeal and a request for the reporter's record. The motion for new trial filed by Johnson was overruled by operation of law on December 9, 2015. On March 4, 2016, appellant's current appellate counsel, Sharita Blacknall, was appointed in substitution of Jones-McVay.

## ANALYSIS

### A. Assistance of Counsel During the Period for Filing a Motion For New Trial

Appellant contends that he was denied the effective assistance of counsel during the period for filing a motion for new trial. Although appellant acknowledges that his trial counsel timely filed a motion for new trial and that appellate counsel was appointed on that same day to represent him in the appeal, appellant claims that counsel he did not receive reasonably effective

–3–

assistance of counsel because an evidentiary hearing on the motion for new trial was never set thereby allowing the motion to be overruled by operation of law. Appellant contends that a hearing on a motion for new trial is the only opportunity counsel had to present the trial court with specific evidence showing how he was harmed by the trial court's denial of his motion for continuance and to develop a record to demonstrate ineffective assistance of counsel during trial. The State argues that appellant's claim must fail because there is nothing in the record to rebut the presumption that appellant was effectively represented during the thirty-day period for filing a motion for new trial. The State further argues that appellant can show neither deficient performance nor prejudice by appellate counsel's failure to obtain a hearing on the motion. We agree with the State.

The time period for filing a motion for new trial is a critical stage of a criminal proceeding during which a defendant is constitutionally entitled to effective assistance of counsel. *See Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). However, where, as here, appellant is represented by counsel, there is a presumption that counsel was acting effectively at all times. *Id*. at 911; *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Even when a defendant can rebut this presumption with evidence that he was deprived of adequate counsel during this critical stage, this deprivation of counsel is subject to a harmless error or prejudice analysis. *Cooks*, 240 S.W.3d at 911. To establish harm, appellant must present a "facially plausible claim" that he could have developed in a motion for new trial. *Id*. at 911–12.

In this case, three days after appellant was sentenced, appellant's trial counsel filed a motion for new trial alleging that the verdict was contrary to the law and the evidence. *See TEX. R. APP. P.* 21.4(a). The next day, appellant filed a pro se notice of appeal and appellate counsel was appointed to represent him in the appeal. As the State points out in its brief, a defendant is

–4–

not entitled to a hearing on a motion for new trial unless the motion and accompanying affidavits raise matters which are not determinable from the record and establish reasonable grounds showing that the defendant could potentially be entitled to relief. *See Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Based upon the allegations contained in the motion filed by trial counsel in this case, appellant was not entitled to a hearing on his motion for new trial. Nevertheless, when appellate counsel was appointed, there were still 26 days left in which an amended motion for new trial could be filed establishing grounds showing that appellant was entitled to relief. *See* TEX. R. APP. P. 21.4(b). No such amended motion was filed, nor does appellant claim that counsel was ineffective for failing to file an amended motion for new trial. Further, there is nothing in the record to suggest that appellant's appellate counsel did not discuss the merits of an amended motion for new trial with the appellant, which the appellant rejected. *See Oldham*, 977 S.W.2d at 363 (when a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected).

To the extent appellant's issue can be read to include an assertion that appellate counsel was ineffective for failing to file an amended motion for new trial, appellant was not harmed by being unable to raise his claim regarding the trial court's denial of his motion for continuance or alleged ineffective assistance of counsel claim in his motion for new trial because these are not "facially plausible claims." *See Cooks*, 240 S.W.3d at 911–12. Appellant's brief sets forth nothing more than the law pertaining to the necessity of developing a record in a hearing on a motion for new trial which shows how the defendant was harmed by a trial court's denial of a motion for continuance. In order to show reversible error predicated on the denial a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *See Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). Appellant's brief makes no attempt to do either. The brief

does not say what testimony the missing witness would have provided or why that testimony was material. Further, as is explained below, we have determined that appellant's claim that the trial court abused its discretion in denying the motion for continuance has not been properly preserved for review. Therefore, appellant has failed to demonstrate that the trial court erred in denying the motion.

Likewise, his assertion that a motion for new trial hearing is also the "proper time to develop a record to demonstrate ineffective assistance of counsel during trial" does not establish any facially plausible claim of ineffectiveness of trial counsel because it fails to set forth any acts or omissions of trial counsel that constitute deficient performance and or how counsel's performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Appellant's brief contains nothing more than bare allegations. Appellant fails to identify what evidence he would have sought to develop, or argue how such evidence would have benefited his appeal. As in *Oldham*, the Court will presume appellant was effectively represented by his appellate counsel during the period for filing a motion for new trial. We overrule appellant's first issue.

**B.    Motion for Continuance**

In appellant's second issue he contends that the trial court abused its discretion in denying the motion for continuance. The continuance sought by appellant is governed by Articles 29.06 and 29.08 of the Texas Code of Criminal Procedure. Article 29.06 requires a first motion for continuance on the account of the absence of a witness to state: (1) the name of the witness and his residence, whether known or unknown; (2) the diligence which has been used to procure his attendance; (3) the facts which are expected to be proved by the witness; (4) the witness is not absent by consent of the defendant; (4) the motion is not made for delay; and (5)

there is no reasonable expectation that attendance of the witness can be secured during the present term of court. TEX. CODE CRIM. PROC. ANN. art. 29.06 (West 2006). Article 29.08 requires that the motion "be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006).

Appellant's motion fails to meet the requirements of both articles 29.06 and 29.08.[1] While the "Verification" page signed by appellant's counsel contained a place for a notary's signature and seal, only the notary's seal appears on the document, the notary's signature line was left blank. Thus, the motion for continuance was not properly sworn. A defendant making an unsworn motion for a continuance fails to preserve his claim for appellate review. *See Anderson v. State*, 301 S.W.3d 276 (Tex. Crim. App. 2009); *Am. Commc'ns Telecomm., Inc. v. Commerce N. Bank*, 660 S.W.2d 570, 571 (Tex. App.—San Antonio 1983, no writ) (affidavit of inability to pay costs was defective because notary public who administered the oath to the affiant neglected to sign the affidavit); *see also Glover v. State*, No. 14-03-00763-CR, 2004 WL 1192822 at *4 (Tex. App.—Houston [14th Dist.] June 1, 2004, pet. struck) (mem. op., not designated for publication) (appellant's motions for continuance were not properly sworn to when verifications signed by appellant's counsel were not notarized); *Hardwick v. Hardwick*, No. 02-15-00325-CV, 2016 WL 5442772 (Tex. App.—Ft. Worth September 29, 2016, no pet.) (mem. op.) (motion for continuance was not verified or supported by affidavit when space for the notary on "Verification" page was left blank).

Further, a motion for continuance based on the absence of a witness must state "the diligence which has been used to procure [a witness's] attendance". This has been interpreted to mean not only diligence in procuring the presence of the witness, but also diligence as reflected

---

[1] In appellant's third issue on appeal claiming that trial counsel rendered ineffective assistance of counsel by filing a defective motion for continuance, Appellant concedes that the motion fails to meet the requirements of articles 29.06 and 29.08.

in the timeliness with which the motion for continuance was presented. *Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999). A motion for continuance based on the absence of witnesses which is filed on the day the trial is set to commence does not show the diligence required to support the motion. *Id.* (citing *Varela v. State*, 561 S.W.2d 186, 190 (Tex. Crim. App. 1978) and *Kelly v. State*, 471 S.W.2d 65, 66 (Tex. Crim. App. 1971)); *see also Gipson v. State*, Nos. 05-01-00770-CR, 0-01-00771-CR, 05-01-00772-CR, 05-01-00773-CR, 2003 WL 21053918 (Tex. App.—Dallas May 12, 2003, no pet.) (mem. op., not designated for publication).

Appellant argues that the trial court's denial of his motion for continuance rendered trial counsel ineffective thereby violating appellant's due process rights under the Fourteenth Amendment of the United States Constitution. This argument was rejected by the Court of Criminal Appeals in *Anderson* when the Court concluded that the right to present a defense is subject to forfeiture. *Anderson*, 301 S.W.3d at 280.

We conclude that appellant's failure to comply with the procedural requirements of Articles 29.06 and 29.08 preserved nothing for our review. We overrule appellant's second issue.

## C.     Ineffective Assistance of Counsel

In appellant's third issue, he contends that trial counsel was ineffective because he filed a defective motion for continuance. The State argues that appellant cannot show how the defective motion prejudiced his defense because the denial of the motion for continuance was not based on the deficiencies in the motion. We agree with the State.

To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88; *Lopez v. State*, 343 S.W.3d 137, 142

(Tex. Crim. App. 2011). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697.

The record indicates that the trial court held a hearing on appellant's motion and allowed appellant to argue the merits of his motion. No objection was made by the State to the trial court's consideration of the motion or the arguments made by counsel. After hearing counsel's argument, the trial court denied the motion, stating:

> [A]s of today, Mr. Stevenson has been in Lew Sterrett jail over 543 days. There has been over 62 passes on this case. Initially, this was set for a status hearing back on September 10th, at that time it was set for trial and we are now at September 23rd and the Court has given sufficient time for any preparation that needs to have happened on this case.
>
> And so based on that, I am going to deny your request for a continuance at this time. . . .

Based on these comments, we conclude that the trial court considered appellant's motion and denied it on the merits. Nothing in the record indicates that appellant's motion was denied because it failed to meet the requirements of the statute governing motions for continuance. We overrule appellant's third issue.

**CONCLUSION**

We affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151348F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DAREN STEVENSON, Appellant

No. 05-15-01348-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-21775-U.
Opinion delivered by Justice Evans, Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of February, 2017.