**Dismissed in Part; Affirmed in Part; and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00312-CV

_____

## MARY L. JAMES, Appellant

### V.

## HOUSTON HOUSING AUTHORITY AND TARANTINO PROPERTIES, INC., Appellees

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1028762**

## M E M O R A N D U M   O P I N I O N

Mary L. James appeals from a judgment rendered in favor of the Houston Housing Authority in its suit seeking forcible detainer and unpaid rents. We affirm.

# I. BACKGROUND

James is a resident of Cuney Homes, managed by Tarantino Properties, Inc. on behalf of the Houston Housing Authority ("the Authority"). At the inception of the events giving rise to this appeal, James' monthly rent was $234. Due to her failure to produce documentation needed at an annual recertification hearing on the issue of her rent pursuant to her 2011 lease, the Authority raised her monthly rent to $553. Nevertheless, James continued to pay the monthly rent of $234, rather than $533. As a result, the Authority filed an eviction suit against James for nonpayment of rent, and a judgment was rendered in favor of the Authority.

Simultaneously with the instant appeal of the rent-increase issue, James filed a grievance with the Authority regarding the monthly rent increase and the Authority's termination of her lease. During the pendency of these actions, James deposited certain sums into the registry of the court, for a total of $702.89.

The grievance hearing was held at the office of the Authority. At the hearing, the Authority was ordered to reduce James' rent to $234, and the hearing officer determined that termination of the lease was improper because it was based on the monthly rental of $533. James continued to reside in the apartment and pay rent. Upon completion of the 2012 recertification, the Authority further reduced her monthly rent to $160, and retroactively adjusted the amount of her monthly rent for August 2012 through January 2013 from $234 to $160.

Despite the reduction in rent, and notice to her of deficiencies, James refused to pay all amounts for December 2012 and January 2013. The Authority again

sought to evict James for her failure to pay the amount due for her rent and excess utilities ($271.11).[1]

On February 21, 2013 the justice of the peace rendered a judgment in favor of the Authority awarding possession and unpaid rent. James appealed to the county court at law. After an April 1, 2013 trial to the court, with no reporter's record taken, the court affirmed the eviction and ordered James to pay damages for unpaid rent and attorney's fees. James appeals this judgment.[2]

## II. STANDARD OF REVIEW

When a trial court does not make written findings of fact after a bench trial, this court must imply all findings of fact necessary to support the judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). These implied findings are subject to challenge based on the sufficiency of the evidence to support them, and we interpret James' issue as a legal sufficiency challenge to implied findings of the trial court. *See BMC Software Belgium, N.V. v. Marchand*, 83 S .W.3d 789, 795 (Tex. 2002). We utilize the standards set forth in *City of Keller v. Wilson*, 168 S.W.3d 802, 810–21 (Tex. 2005); *see also Roberson v. Robinson*, 768 S.W.2d 280,

---

[1] This calculation is James' monthly rent of $160 for six months, less the $702.89 in the registry of the court applied to James' account, plus $41.54 in excess utilities, leaving a balance due of $272.11.

[2] Since the inception of this appeal, the Authority obtained a final judgment of possession in a separate case. James has not appealed that judgment. The Authority moved to dismiss this appeal, asserting that it is now moot by virtue of the subsequent judgment for possession. In this appeal, James challenges a final judgment that includes not only an award of possession, but also an award for unpaid rent as well as trial and appellate attorney's fees. Therefore, the appeal is not moot as to the awards of unpaid rent and fees. In her brief, James suggests she is appealing the entire judgment, but she presents no argument attacking the award of possession. Nevertheless, to the extent James' brief may be construed as appealing the award of possession, that portion of her appeal is moot. Therefore, we have denied in part, and granted in part, the Authority's motion to dismiss. *See Briones v. Brazos Bend Villa Apartments*, No. 14-12-01125-CV, 2014 WL 2945979 at *3–4 (Tex. App.–Houston [14th Dist.] July 1, 2014, no pet. h.) (mem. op.).

281 (Tex. 1989) (sufficiency challenges to implied findings should be reviewed under the same standards as sufficiency challenges to jury findings or a trial court's express findings of fact).

### III. ANALYSIS

In her sole issue, James challenges the jurisdiction of the trial court. The substance of the argument in her brief, however, is that the Authority has not reduced her rent from $533 to $234. Yet, James also asserts the judgment before this court is of the county court at law, which determined James had not paid the amounts due and owing under the terms of the reduced monthly rent and utilities. Thus, it is difficult to understand James' specific appellate complaints; however, we will address what appear to be her issues.[3]

### A. Jurisdictional challenge

James' brief presents no factual references to the record and provides no legal analysis or authority to support her claim. Accordingly, her brief does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1(g), (i). To the extent her issue can be read as a jurisdictional challenge, it fails. The trial court has jurisdiction over eviction cases, and the Housing Authority's suit for rent can be properly joined in an eviction action. Tex. R. Civ. P. 510.3; *Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 954 (Tex. App.–Austin 1997, no pet.); *Weeks v. Hobson*, 877 S.W.2d 478, 480 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding). Therefore, we overrule James' first issue.

---

[3] We also note James makes reference to two terms: specifically, "rent-based status, with utilities allowances"; and "flat rent, without utilities allowances." She does not explain what those terms mean, or how they apply to her, and they do not appear to affect appellate review of the judgment. Therefore, they are not before this court.

4

## B.    Judgment on appeal

Although James does not assert a specific issue on this point, she complains in her brief that this is the Authority's "second attempt" to change her monthly rent to $553. Having considered this claim, we hold there is no factual or legal basis to support it.

There is no dispute in the briefing that the Authority had previously increased James' monthly rent from $234 to $553 because she had not provided necessary income verification. There is also no dispute that James appealed that decision in a grievance hearing; on November 1, 2012, the hearing officer overturned the Authority's increase, and ordered it to nonsuit its eviction proceeding. However, neither the resolution of the grievance hearing nor the prior eviction proceeding is at issue here. Additionally, after the determination of the grievance, and upon its receipt of documentation from James concerning her income, the Authority *further* reduced her monthly rent from $234 to $160, and it applied the reduction retroactively. There is no evidence that James' monthly rent was anything other than $160.

After it implemented the reduction, the Authority charged for the months of August through December 2012, and January 2013, totaling $960. It applied the amounts James had deposited into the registry of the court, pending the outcome of the eviction proceeding and grievance hearing ($702.89), leaving a balance of $257.11 as delinquent rent. Despite notice of the delinquent rent and supporting calculations provided to her by the Authority, James did not satisfy this delinquency, nor did she satisfy the amount of excess utilities owed, totaling $41.54, for June through August, 2012.

Because she failed to pay this deficiency, the Authority filed suit to recover rental payments which were due, plus excess utilities, resulting in the April 1, 2013 judgment in favor of the Authority awarding it possession of the premises and $7,680.00 for the unpaid rent, excess utilities, and trial and appellate attorney's fees. While James agrees this is the matter before this court, and while this judgment is based on James' delinquency in the payment of the monthly rent of $160, she nevertheless urges that the Authority has not adjusted her rent to that amount. There is no evidence that the Authority charged James an amount of monthly rent other than $160. To the extent this was an issue, it is overruled.

## C. Presumption Where No Reporter's Record

Neither party requested that a record be made at the trial of this matter; accordingly, there is no reporter's record. Additionally, this is not an appeal with only a partial reporter's record. *See* Tex. R. App. P. 34.6(c). Therefore, this court is bound to presume that the proceedings in the trial court support its judgment. *See Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503 *2 (Tex. App.–Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002)). There is no evidence of any monthly rental amount charged other than the $160. Thus, this court must presume the evidence is sufficient to support the judgment.

Further, Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Even though James is appearing *pro se*, we cannot decipher her complaints and make arguments on her behalf. *See Brown v. Green*, 302 S.W.3d 1, 14 (Tex. App.–Houston [14th

Dist.] 2009, no pet.).  Accordingly, we cannot reach the merits of her claims and, therefore, must affirm the judgment of the trial court.


/s/     John Donovan
Justice


Panel consists of Justices McCally, Busby, and Donovan.